## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **ROBERT CARROLL,** *et al.***,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:08-cv-00900 HHK** |
| | ) | |
| **FREMONT INVESTMENT** | ) | |
| **& LOAN,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

### FREMONT INVESTMENT & LOAN'S MOTION TO DISMISS

Fremont Investment & Loan, by counsel, moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). Fremont attaches its memorandum of law in support of the motion and asks that it be incorporated herein.

WHEREFORE, Fremont Investment and Loan asks that the Court grant the motion, dismiss the Complaint, award Fremont Investment & Loan its costs and expenses incurred, and for all other relief this Court deems fair and just.

Respectfully submitted,

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

<u>Request For Oral Argument</u>

Fremont Investment & Loan requests oral argument on its Motion to Dismiss.

Respectfully submitted,

<u>*/s/ Harold G. Belkowitz*</u>
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

<u>Certificate of Service</u>

I certify that a copy of the foregoing motion, the memorandum of law, and the proposed order were served pursuant to the Court's ECF system this 18th day of June, 2008 to:

C. Michael Tarone, Esquire
Tarone & McLaughlin
900 17th Street, N.W., Suite 1250
Washington, DC  20006
Counsel for Plaintiffs

and by first-class mail, postage pre-paid, this 18th day of June, 2008 to:

Premier Mortgage Solutions Services, Inc.
c/o CT Corporation Systems
1015 15th Street, NW
Washington, DC  20005

Jeffrey Smith
13101 Bar Geefe Court
Upper Marlboro, MD  20774

Frank Okebugwu
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD  20774

Smith-Myers Corporation
c/o CT Corporation Systems
1015 15th Street, NW
Washington, DC  20005

J.G. Enterprises LLC
9200 Basil Court, Suite 100
Upper Marlboro, MD  20774

Shannon Ingram
954 Dunnloring Court
Upper Marlboro, MD  20774

JMJ Appraisal Services, LLC
954 Dunnloring Court
Upper Marlboro, MD  20774

Consumer First Title, LLC
6411 Ivy Lane, Suite 102
Greenbelt, MD  20770

Sheila V. Locke
Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD  20774

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz

153051

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT CARROLL,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **Case No. 1:08-cv-00900 HHK** |
| | ) |
| **FREMONT INVESTMENT** | ) |
| **& LOAN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**

**FREMONT INVESTMENT & LOAN'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

Introduction ............................................................................................................... 1

Facts ......................................................................................................................... 2

Standard of Review .................................................................................................. 3

Legal Argument......................................................................................................... 5

  I.  Plaintiffs released the claims alleged against Fremont Investment
     & Loan.................................................................................................... 5

  II.  In the alternative, the Court must dismiss Counts Two through Ten
     because they  do not assert claims for which relief may be granted. .......... 7

    A.  The fraud based count must be dismissed because they do not
      properly plead causes of action. ....................................................... 7

    B.  Count Two does not allege a valid claim against Fremont. .......... 10

    C.  Count Four's request for a permanent injunction is moot............. 10

    D.  The tort claims must be dismissed because Fremont did not owe a
      legal duty beyond the contractual relationship.............................. 10

    E.  The conspiracy counts must be dismissed because they do not state
      legal claims.................................................................................. 11

    F.  Plaintiffs do not state a valid negligent supervision claim............ 12

Conclusion................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Akassy v. William Penn Apts.*,
  891 A.2d 291 (D.C. 2003)..................................................................................... 10

i

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ........................................................ 8

*Buaiz v. U.S.*,
  471 F.Supp.2d 129 (D.D.C. 2007) ........................................................................................ 8

*Cinalli v. Kane*,
  191 F.Supp.2d 601 (E.D.Pa. 2002) ...................................................................................... 13

*E.E.O.C. v. St. Francis Xavier Parochial School*,
  117 F.3d 621 (D.C. Cir. 1997) ......................................................................................... 8, 9

*Ellipso, Inc. v. Mann*,
  460 F.Supp.2d 99 (D.D.C. 2006) ........................................................................................ 13

*Executive Sandwich Shoppe, Inc. v. Carr Realty Corporation*,
  749 A.2d 724 (D.C. 2000) .................................................................................................. 15

*Geiger v. Crestar Bank*,
  778 A.2d 1087 (D.C. 2001) ................................................................................................ 15

*Giva v. Davison*,
  637 A.2d 830 (D.C. 1994) .................................................................................................. 15

*Goozh v. Capitol Souvenir Co.*,
  462 A.2d 1140 (D.C. 1983) ................................................................................................ 10

*Griffin v. Acacia Life Insurance Co.*,
  925 A.2d 564 (D.C. 2004) .................................................................................................. 16

*High v. McLean Financial Group*,
  659 F.Supp. 1561 (D.D.C. 1987) ........................................................................................ 12

*Hyman v. First Union*,
  980 F.Supp. 38 (D.D.C. 1997) ............................................................................................. 8

*In re Barber*,
  266 B.R. 309 (Bankr.E.D.Pa. 2001) .................................................................................... 13

*Kitt v. Capital Concerts, Inc.*,
  742 A.2d 856 (1999) .......................................................................................................... 12

*Moore v. Aspin*,
  916 F.Supp. 32 (D.D.C. 1996) ............................................................................................. 8

*Osbourne v. Capital City Mortgage Corp.*,
  667 A.2d 1321 (D.C. 1995) ................................................................................................ 12

*SmileCare Dental Group v. Delta Dental Plan*,
   88 F.3d 780 (9th Cir. 1996)................................................................7

*Sobelsohn v. American Rental Management Co.*,
   926 A.2d 713 (D.C. 2007)................................................................ 10

*Steigerwald v. Bradley*,
   135 F.Supp.2d 460 (D.Md. 2001) .................................................... 15

*U.S. ex rel. Fisher v. Network Software Associates*,
   227 F.R.D. 4 (D.D.C. 2005) ............................................................. 12

*Washington Automotive Co. v. 1828 L Street Associates*,
   906 A.2d 869 (D.C. 2006)................................................................ 10

*Western Associates, Limited Partnership v. Market Square Associates*,
   235 F.3d 629 (D.C. Cir. 2001) ...........................................................8

STATUTES

D.C. Code § 28-3802(3) ............................................................................ 14

D.C. Code § 28-3809 ................................................................................. 14

D.C. Code § 298-3901, *et seq.* ................................................................. 12

OTHER AUTHORITIES

5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1300 ............................... 13

Fed. R. Civ. P. 4(m) ..................................................................................5

Fed. R. Civ. P. 8(a) ................................................................................. 12

Fed. R. Civ. P. 9(b) ..................................................................... 11, 12, 13

Fed. R. Civ. P. 12(b)(6) ...................................................................... 7, 11, 13

Introduction

This is the most recent of several lawsuits filed by Plaintiffs in connection with their 2005 loan from Fremont Investment & Loan ("Fremont").

The Carrolls apparently wished to refinance their existing mortgage in mid-2005. To that end, the Carrolls entered into a written mortgage brokerage business contract with Premier Mortgage Solutions in July 2005. Premier apparently identified Fremont Investment & Loan ("Fremont") as a possible lender and forwarded a loan package to it. The loan package included a loan application prepared by Premier's mortgage broker.

Fremont, a California bank, issued a loan to the Carrolls on or about September 23, 2005 in the principal amount of $288,230. That loan refinanced a previously existing loan balance of $256,251 and disbursed to the Carrolls $21,593.

Approximately one year after closing, the Carrolls filed the lawsuit *Robert Carroll, et al., v. Freemont* [sic] *Investment & Loan, et al.*, in the United States District Court for the District of Columbia, Case No. 1:06cv01641-HHK, on September 22, 2006 (the "First Lawsuit"), alleging lending violations in connection with the September 23, 2005 loan. Exhibit A. Plaintiffs' counsel voluntarily dismissed the First Lawsuit on January 19, 2007, after Fremont and the Carrolls entered into a written Forbearance Agreement.[1]

---

1      On January 4, 2007, approximately two weeks earlier, the Carrolls filed a second lawsuit against Fremont in the United States District Court for the District of Columbia, Case No. 1:07-cv-00018-HHK (the "Second Lawsuit"), making identical claims as the First Lawsuit. Exhibit B. The Second Lawsuit (Case No. 07-cv-00018-HHK) was never served upon Fremont and should be dismissed against it under Rule 4(m). Moreover, the Second Lawsuit's docket sheet indicates that it is related to yet a fourth lawsuit filed by the Carrolls in 2003, albeit not against Fremont, making similar claims against other lenders, Case No. 03-cv-1837-HHK.

Facts

The pertinent facts as alleged in the lengthy Complaint may be summarized as follows:

1.     Robert Carroll and his daughters Monica Carroll and Annette Carroll own real property located at 3328 17th Street, NW, Washington, DC  20010, which they purchased in 1992 (the "Property").  Complaint, ¶¶ 5-6, 20.

2.     The Plaintiffs contracted with Premier Mortgage Solutions Services, Inc. ("Premier") to locate a loan to refinance their existing loan on the Property.  The Plaintiffs indicated to Premier that certain terms were acceptable to them.  Complaint, ¶¶ 27 and Exhibit 8.

3.     Plaintiffs submitted information for a loan application to Premier via its employee, Frank Okebugwu.  Complaint, ¶ 27.

4.     Mr. Okebugwu prepared a loan application on Plaintiffs' behalf that "grossly overstates" their income.  Complaint, ¶ 28.

5.     Plaintiffs believed that Premier was going to verify their income.  Complaint, ¶ 29.

6.     Premier obtained some verification of Plaintiffs' income that disclosed less than the amount stated on the loan application.  Complaint, ¶¶ 30-31.

7.     Fremont's underwriting analysis of the loan was based upon an incorrect statement of Plaintiffs' income and debts.  Complaint, ¶¶ 44-50.

8.     The appraisal provided to Fremont by defendants Shannon Ingram and JMJ Appraisal Services, LLC was "artificially inflated."  The appraisers conspired with Premier for this purpose.  Complaint, ¶¶ 54-55.

2

9.      Fremont issued an adjustable rate loan to Robert Carroll and Monica Carroll on September 23, 2005 in the amount of $288,230.  The initial rate was 9.5% and the initial payment was $2,423.60.  The loan satisfied a previously existing loan balance of $256,251 and disbursed cash proceeds to Plaintiffs in the amount of $21,593.  Complaint, ¶¶ 34-35, 37, Exhibit 4.

10.     Consumer First Title LLC conducted the loan closing.  Complaint, ¶ 37.

11.     Plaintiffs incurred various settlement charges, including some that Plaintiffs claim were not reasonable or were not affordable to them.  Complaint, ¶¶ 38-39, 43, 68.

12.     Plaintiffs contend that a yield spread premium paid to Premier was not identified on the Good Faith Estimate of Settlement Charges.  Complaint, ¶ 40.

13.     Plaintiffs contend that they did not know or understand the material terms of Fremont's loan.  Complaint, ¶ 42.

14.     Plaintiffs contend that the loan terms are different than what they sought from Premier.  Complaint, ¶ 69.

15.     Plaintiffs allege that they cannot afford the loan and risk losing their home to foreclosure.  Complaint, ¶ 68.

<u>Standard of Review</u>

The Court is authorized under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss a lawsuit for the failure to state a cognizable legal theory or for pleading insufficient facts under a cognizable legal claim.  *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996).  In ruling on a motion under Rule 12(b)(6), the Court must accept all well-pleaded allegations as true and construe the

3

Complaint in the light most favorable to the plaintiffs. *Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996); *Hyman v. First Union*, 980 F.Supp. 38, 39 (D.D.C. 1997). In addition to relying upon the allegations in the Complaint, the Court may rely upon "'documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'" *Buaiz v. U.S.*, 471 F.Supp.2d 129, 134 (D.D.C. 2007) (*citing Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002)).

A Complaint cannot stand if it is based upon mere "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). A plaintiff cannot defeat a motion to dismiss by way of a "formulaic recitation of the elements of a case." *Id.* The factual allegations must be more than a "speculative level," but needs sufficient "fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Id.* Moreover, "[t]he court need not accept inferences drawn by Plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Western Associates, Limited Partnership v. Market Square Associates*, 235 F.3d 629, 634 (D.C. Cir. 2001). The Court also need not accept "legal conclusions cast in the form of factual allegations." *Id.*

A court should dismiss a claim where, as here, it appears "beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997) (*citing Conley v. Gibson*, 355 U.S. 41, 445-46 (1957)).

<u>Legal Argument</u>

I.    <u>Plaintiffs released the claims alleged against Fremont Investment & Loan.</u>

As stated above, the Carrolls filed at least two prior lawsuits against Fremont.  On September 22, 2006 the Carrolls filed the First Lawsuit.  Exhibit A.  That First Lawsuit alleged that Fremont's September 23, 2005 loan violated the Truth in Lending Act and the District of Columbia Consumer Protection Procedures Act.  *Id.*  The Carrolls asked the Court to award damages and to rescind the loan.

Fremont and the Carrolls (represented by the same counsel as in this case) reached a resolution of the First Lawsuit that was memorialized in a written Forbearance Agreement signed by all parties.  Exhibit C.  The Carrolls then dismissed the First Lawsuit.  Exhibit D.

Among the Forbearance Agreement's terms, it states that the Carrolls release Fremont from "any and all claims known or unknown, which Borrower has against Lender which in any way arise from or relate to the Loan, the Default or the Debt."  Exhibit C at ¶ 14.  The term "Loan" is explicitly defined at including the September 28, 2005 loan secured by real property located at 3328 17th Street, N.W.  *Id.* at Acknowledgement ¶ 1.

Notwithstanding that Fremont, Mr. Carroll and Mrs. Carroll each signed the Forbearance Agreement, the Carrolls have breached a material term of the agreement by filing the present suit.  The Court should enforce the settlement agreement and dismiss the Complaint because the Carrolls cannot, as a matter of law, state a claim against Fremont because they released all claims prior to filing this action.

District of Columbia law favors settlement agreements and enforces them like any other contract. *Goozh v. Capitol Souvenir Co.*, 462 A.2d 1140, 1142 (D.C. 1983). District of Columbia law follows the objective law of contracts. *Sobelsohn v. American Rental Management Co.*, 926 A.2d 713 (D.C. 2007). Under this principle, "the written language embodying the terms of an agreement will govern the rights and liabilities of the parties . . . unless the written language is not susceptible of a clear and definite undertaking." *Id.* (*citing DSP Venture Group, Inc. v. Allen*, 830 A.2d 850, 852 (D.C. 2003)).

Whether a contract is ambiguous is a matter of law for the Court to determine. *Akassy v. William Penn Apts.*, 891 A.2d 291, 299 (D.C. 2003). "A contract is ambiguous when it is reasonably susceptible of different constructions or interpretations, or of two or more different meanings." *Akassy*, 891 A.2d at 298 (*citing Deutsch v. Barsky*, 795 A.2d 669, 673 (D.C. 2002)). In considering whether a contract is ambiguous, the Court examines "the document on its face, giving the language used therein its plain meaning." *Id.* A court must honor the intentions of the parties as reflected in the settled usage of the terms they accepted in the contract, and will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. *Washington Automotive Co. v. 1828 L Street Associates*, 906 A.2d 869 (D.C. 2006).

Here, the Forbearance Agreement states that the Carrolls released Fremont from:

> "any and all claims known or unknown, which Borrower has against Lender which in any way arise from or relate to the Loan, the Default or the Debt."

Exhibit C at ¶ 14. The Forbearance Agreement further states that "[t]here are no agreements between Lender and Borrower other than the express agreements contained in

6

this Agreement and the Loan Documents."  Exhibit C, ¶ 15.  This language is clear and unambiguous on its face and must be given its plain meaning.

The present action, the Carrolls' third lawsuit against Fremont, alleges that the September 2005 loan violated the DCCPPA, was the result of fraud, and breached various claimed duties,  among other allegations.[2]  Count Two of the First Lawsuit and Count One of the Third Lawsuit allege substantively identical claims.  The remaining claims are all based upon the same facts and circumstances that existed, and were known to the Carrolls, prior to the date the Carrolls filed the First Lawsuit, let along the effective date of the Forbearance Agreement.  Thus, all claims alleged in the Third Lawsuit are within the scope of the plain meaning of the Forbearance Agreement the Carrolls signed.

Based upon the foregoing, the Carrolls released their claims against Fremont, this lawsuit cannot state a claim against Fremont as a matter of law, and the Court must dismiss the Complaint against Fremont with prejudice.

II.    <u>In the alternative, the Court must dismiss Counts Two through Ten because they do not assert claims for which relief may be granted.</u>

Notwithstanding that the Court must dismiss the Complaint as to Fremont because the Carrolls released their claims, the Court may also dismiss Counts Two through Ten of the lawsuit because they do not allege valid claims against Fremont.

A.    <u>The fraud based count must be dismissed because they do not properly plead causes of action.</u>

Counts One and Three must be dismissed pursuant to Federal Rules 9(b) and 12(b)(6).

---

[2]    Fremont denies that any improper conduct took place.  Fremont recognizes, however, that the Court must treat the allegations as true for purposes of this motion.

Count One alleges a series of conclusory misrepresentations made by an unidentified "defendant" or by "defendants" that purports to assert a cause of action under the District's Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 298-3901, *et seq.* A Complaint alleging a violation of the DCCPPA must allege material misrepresentations. *Osbourne v. Capital City Mortgage Corp.,* 667 A.2d 1321, 1330 (D.C. 1995). Thus, Count One is functionally a fraud claim.

Count Three purports to allege a claim for common law fraud. The essential elements of common law fraud are: "(1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation." *Kitt v. Capital Concerts, Inc.*, 742 A.2d 856 (1999) (*quoting Hercules & Co. v. Shama Restaurant Corp.*, 613 A.2d 916 (D.C. 1992)).

The Federal Rules of Civil Procedure ordinarily require that a Complaint simply put the defendant on notice of the claim against it. *See* Fed. R. Civ. P. 8(a). The Rules require a higher standard for counts one and three – mandating that "all averments of fraud or mistake . . . be stated with particularity." Fed. R. Civ. P. 9(b).

Rule 9(b)'s fundamental purposes include the need to provide fair notice to a defendant alleged to have committed fraud. *U.S. ex rel. Fisher v. Network Software Associates*, 227 F.R.D. 4, 9 (D.D.C. 2005). Indeed, Rule 9(b) exists so that a party can be placed "on notice of precisely what he or she must defend against." *High v. McLean Financial Group*, 659 F.Supp. 1561, 1566 (D.D.C. 1987).

A plaintiff alleging fraud must state in the Complaint "the time, place and content of the false misrepresentations, the facts misrepresented and what was retained or given

8

up as a consequence of the fraud." *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 105 (D.D.C.

2006) (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir. 1994).

Other courts have described the heightened requirement as mandating the plaintiff to

plead the "'who, what, when, and where" details of the alleged fraud. *In re Barber*, 266

B.R. 309, 322 (Bankr.E.D.Pa. 2001) (*citing Smith v. Berg*, 2000 WL 36549, at *4

(E.D.Pa. 2000)).  Rule 9(b) "usually requires the claimant to allege at a minimum the

identity of the person who made the fraudulent statement, the time, place, and content of

the misrepresentation, the resulting injury, and the method by which the

misrepresentation was communicated." *Ellipso*, 460 F.Supp.2d at 105 (*citing* 2-9

Moore's Federal Practice – Civil § 9.03(1)(b)).  Moreover, a plaintiff must plead fraud

with particularity as to each defendant.  *Cinalli v. Kane*, 191 F.Supp.2d 601 (E.D.Pa.

2002).  A complaint that does not plead fraud with the requisite specificity is subject to

dismissal under Fed. R. Civ. P. 12(b)(6).  *See* 5 C. Wright & A. Miller, *Federal Practice

and Procedure*, § 1300.

    Here, the Complaint lacks any particularity with regard to the allegedly fraudulent

conduct by Fremont.  Neither plaintiff alleges a single representation – or

misrepresentation – made by Fremont generally or with attribution to any Fremont

employee or representative.  There is no allegation about how or when any Fremont

misrepresentation was communicated.  Nor does the Complaint define which defendant

or defendants are subject to the claim and provide sufficient specificity to substantiate the

claim against Fremont.

    The Complaint pleads in the collective term "defendants." Thus, the Complaint

effectively alleges identical misconduct by each of the eleven defendants.  Fremont

cannot determine with generality – let alone the requisite specificity – what, if any, fraud allegations are directed at it and what allegations are directed at the other defendants.

In the absence of specificity, the fraud-based counts do not state a claim and must be dismissed.

B.    <u>Count Two does not allege a valid claim against Fremont.</u>

Count Two attempts to hold Fremont derivatively liable under D.C. Code § 28-3809.

D.C. Code § 28-3809 permits derivative liability against certain lenders that may potentially result in cancel a sale or as a set-off to a lender's claim.  The Section applies to lenders who make "direct installment loans."  D.C. Code § 28-3809(a).  The statute defines a "direct installment loan" as excluding "loan[s] secured on real estate."  D.C. Code § 28-3802(3).

Here, the applicable loan is secured by the Plaintiff's home.  Complaint, ¶¶ 1, 41. Thus, Count Two cannot state a cause of action as a matter of law and must be dismissed.

C.    <u>Count Four's request for a permanent injunction is moot</u>.

Count Four seeks a preliminary and permanent injunction with regard to a June 10, 2008 foreclosure sale.  Complaint, ¶ 101.

Because the June 10 date has past, Count Four must be dismissed as moot.

D.    <u>The tort claims must be dismissed because Fremont did not owe a legal duty beyond the contractual relationship</u>.

Count Five seeks to hold "defendants" liable for breach of fiduciary duty. Similarly, Counts Eight and Ten seeks to hold "defendants" liable for negligence and gross negligence.

The Complaint does not specify what fiduciary duty or duty of care Fremont owed to the Carrolls or how that duty was breached.  Instead, the Complaint again makes conclusory allegations against off of the defendants.

Count Five must also be dismissed between a bank's relationship to its lending customer is typically a contractual relationship governed by the written agreement between the parties.  Absent special circumstances, that relationship is not a fiduciary duty or other obligation to which Fremont would be liable in negligence.  *Geiger v. Crestar Bank*, 778 A.2d 1087, 1089 (D.C. 2001) (citing, in part, to Maryland law); *see also Steigerwald v. Bradley*, 135 F.Supp.2d 460, 468 (D.Md. 2001).

      E.      <u>The conspiracy counts must be dismissed because they do not state legal claims</u>.

Count Six attempts to allege a common law cause of action for civil conspiracy against all defendants.  Count Seven alleges liability for "aiding and abetting."

The elements of a civil conspiracy are:  "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme."  *Giva v. Davison*, 637 A.2d 830, 848 (D.C. 1994).  Civil conspiracy is not recognized under District of Columbia law as an independent tort action.  *Executive Sandwich Shoppe, Inc. v. Carr Realty Corporation*, 749 A.2d 724, 738 (D.C. 2000) (*citing Waldon v. Covington*, 415 A.2d 1070, 1074 n.14 (D.C. 1980)).

The Complaint acknowledges that conspiracy is not a distinct cause of action, but does not tie the allegation to a separate cause of action.  Complaint, ¶¶ 110, 114.  Instead, the Complaint ambiguously states that Plaintiffs desire to assert conspiracy "for purposes

11

of liability." *Id.*  Beyond that, Count Six simply provides a rote recital of the elements of the elements of conspiracy.  Count Seven makes even more ambiguous allegations.

In addition, Plaintiffs do not make any allegation – factual or otherwise – that Fremont entered into an agreement with any other defendant to this case (or, for that matter, any non-party) to participate in any unlawful act or any lawful act in an unlawful manner.  The Complaint merely makes a series of conclusory statements by clumping the defendants together as "defendants."  At best, Plaintiffs merely allege that Fremont is liable as another defendant's agent – but not because of any agreement to participate in unlawful conduct.  Complaint, ¶ 57.

As a result, the Complaint does not state a claim for civil conspiracy or aiding and abetting liability and must be dismissed.

       F.     <u>Plaintiffs do not state a valid negligent supervision claim</u>.

Count Nine purports to assert a common law claim of negligent supervision.  It is unclear whether this claim is asserted against Fremont, Premier, or both.  Presuming for purposes of this motion that the claim alleges a claim against Fremont, the Court must dismiss it for failure to state a claim.

"A common law claim of negligent supervision may be predicated only on common law causes of action or duties otherwise imposed by the common law." *Griffin v. Acacia Life Insurance Co.*, 925 A.2d 564, 576 (D.C. 2004).  A negligent supervision claim cannot be based upon a duty created by statute. *Id.* at 576 n. n. 32.

Moreover, the cause of action requires breach of a duty owed by the <u>employer</u> to the plaintiff. *Id.*  The tort of negligent supervision arises where the defendant did not employ or otherwise supervise a person over whom the defendant had no control or

12

Here, Fremont is alleged to owe an agency relationship to corporate defendant Premier Mortgage. Premier Mortgage, in turn, employed and supervised Mr. Okebugwu. It is not alleged that Fremont had any employment relationship with, direction, control, or supervisory authority over another defendant's employee. Thus, Count Nine cannot state a cause of action against Fremont and must be dismissed.

<u>Conclusion</u>

For the foregoing reasons, the Court should grant the Motion to Dismiss, dismiss the Complaint, and for all other relief this Court deems fair and just.

Respectfully submitted,


*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

153051

13

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert Carroll                                    )
3328 17th Street, NW                              )
Washington, DC 20010,                             )          **Demand Jury Trial**
                                                  )
        And                                       )
_____)
                                                  )
Monica Carroll                                    )
3328 17th Street, NW                              )
Washington, DC 20010,                             )
                                                  )
_____Plaintiffs,        )
                                                  )
_____v.                        )
                                                  )
Freemont Investment & Loan                        )
1401 Willow Pass Road, Suite 50                   )
Concord, CA 94520,                                )
                                                  )
        Serve: Registered Agent                   )
        CT Corporation Systems                    )
        1015 15th Street, NW                       )
        Washington, DC 20005                      )
                                                  )_____
        And                                       )
_____)
                                                  )
Smith-Myers Corporation                           )
9200 Basil Court, Suite 100                       )
Upper Marlboro, MD 20774,                         )
                                                  )
        Serve: Registered Agent                   )
        Remilekun Duyile                          )
        6012 Queens Chapel Road                   )
        Hyattsville, MD 20782                     )
                                                  )

And                                          )
                                             )
Frank Okebugwu                               )
c/o Smith-Myers Corporation                  )
9200 Basil Court, Suite 100                  )
Upper Marlboro, MD 20774,                    )
                                             )
            Defendants.                      )
_____        )

## COMPLAINT
**(Action for Monetary and Equitable Relief)**

### PRELIMINARY STATEMENT

Plaintiffs, Robert Carroll and Monica Carroll, for their complaint allege:

1.      This Complaint is filed by Plaintiffs Robert Carroll and Monica Carroll, who are

father and daughter, under the federal Truth-in-Lending Act, 15 U.S.C. §§ 1601- 661j ("TLA"),

which is contained in title I of the Consumer Credit Protection Act, as amended; and the

implementing regulation issued by the Board of Governors of the Federal Reserve, known as

"Regulation Z,"16 C. F. R. § 226.4,  the corollary District of Columbia statute, D.C. Code § 28-

3301, and the District of Columbia Consumer Protection and Procedures Act ("DCPPA"), D.C.

Code §§ 28-3901 to -3911 (a comprehensive statute designed to provide procedures and

remedies for a broad range fo practices that injure consumers), and torts under common law of

fraud and negligence. Plaintiff seeks statutory damages under TILA, 15 U.S.C. § 1640.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over action under 28 U.S.C. §§ 1331

(federal question), § 1332 (diversity), § 1337(a), in that the Carrolls are residents of the District

of Columbia, Fremont Investment is a California corporation which is a resident of the State of

California where it has its principal place of business, and Okebugwu is a resident of the State of

Maryland. The Court has personal jurisdiction over the non-resident Defendants under the

District of Columbia long-arm statute, D.C. Code § 13-423.

3.      Venue is proper in the United States District Court for the District of Columbia

under 28 U.S.C. § 1391(b) and (c).

## PLAINTIFFS

4.      Plaintiff **Robert Carroll** has at all times material to this complaint has resided

and been domiciled in District of Columbia, and is the owner by "joint tenancy" of the

residential property and improvements located at 3328 17th Street, NW, Washington, DC 20010,

under a Deed of Trust of 7/15/92, and recorded as Lot 663 in Square 2612 in a subdivision made

by Chapin Brown, as per plat recorded in Liber No. 47 at folio 133 among the Records of the

Office of Surveyor of the District of Columbia.  The "joint tenancy" consists of Robert Carroll,

and his daughters Monica Carroll and Annette Carroll.

5.      Plaintiff **Monica Carroll** has at all times material to this complaint has resided

and been domiciled in District of Columbia, and is the owner by "joint tenancy" of the

residential property and improvements located at 3328 17th Street, NW, Washington, DC 20010,

under a Deed of Trust of 7/15/92, and recorded as Lot 663 in Square 2612 in a subdivision made

by Chapin Brown, as per plat recorded in Liber No. 47 at folio 133 among the Records of the

Office of Surveyor of the District of Columbia.

## DEFENDANTS

6.      Defendant **Fremont Investment & Loan** is a federally chartered savings and

loan that has its principal place of business in California, is organized under the laws of the State

of California, and it is authorized to do business in the District of Columbia.

7.      Defendant **Smith-Myers Corporation**, was originally formed under Maryland

law as "Premier Mortgage Solutions, Inc." on August 4, 2003, and changed its name to "Smith

Myers Corporation" on April 20, 2006, and its trade name is "Smith-Myers Mortgage Group."At

all times material to this complaint, its principal place of business has been 6012 Queens Chapel

Road, Hyattsville, MD 20782. The owner of Smith-Myers Corporation is Jeffrey Smith. The

owner of Premier Mortgage Solutions were Remilekun Duyile and Waleola Duyile. At all times

material to this complaint, Smith-Myers was a mortgage broker licensed under Maryland

Mortgage Lender law, MD Code. Ann. [Financial Institutions] § 11-501 *et seq.*, and under

District of Columbia law, D.C. Code Mun. Regs., Tit. 26A, § 1100.

8.      Defendant **Frank Okebugwu** is, based on information and belief, a resident of

the State of Maryland. Okebugwu is a mortgage agent who was employed by American

Residential Funding Services and Smith-Myers Corporation at all times material to this

complaint. The Carrolls were clients of Okebugwu and he acted as their mortgage broker. He

personally provided the mortgage brokerage services that are material to the claims in this

Complaint. At all times material to this complaint, Okebugwu was not licensed as a mortgage

agent as required by District of Columbia law.

FACTUAL ALLEGATIONS

*Sub-prime Loan Defined*

9.      Plaintiff was relegated to the financing his home mortgage in the sub-prime

market. A sub-prime loan is made to borrowers who have a FICA score of 660 or below; at least

two 30-day delinquencies in the past year, a debt service-to-income ratio of 50% or more; a

declaration of bankruptcy within the past 5 years; or a foreclosure, repossession, or charge off in

the preceding 24 months. The populations most victimized by predatory lending in the sub-prime

market are minority and low income families.  The *Washington Post* of 12/07/04 reported that

sub-prime lending is the fastest growing part of the mortgage industry and that between 1994

and 2003, it grew at an average rate of 25% a year. In the District of Columbia, according to the

Mortgage Bankers Association, sub-prime loans accounted for 4.5% of all mortgages, compared

to 8.1% in Maryland.

*Home Mortgage Refinancing*

10.     On June 24, 2002, Carroll replaced the existing mortgage on the home with a loan

from Wells Fargo.

11.     On January 5, 2004, Carroll replaced the existing Wells Fargo mortgage on the

home with a mortgage from Anyloan, Inc.

12.     On September 23, 2005, Carroll replaced the existing Anyloan, Inc.  mortgage with a loan from Freemont Investment & Loan..

13.     Freemont Investment & Loan is the current mortgagee or mortgage lender. Fremont Investment is a sub-prime lender. The residential home mortgage at issue here was generated in the sub-prime market.

*Mortgage Broker*

14.     Smith-Myers is mortgage broker and Okebugwu is one of its agent- brokers.

15.     Okebugwu misrepresented to the Carrolls, among other things, that the Fremont loan did not require a prepayment penalty when he knew that it did.

16.     Okebugwu misrepresented to the Carrolls that the monthly mortgage payments would be no more than $2,500 when he knew that they would exceed $2,700.

17.     Okebugwu knowingly failed to disclose to the Carrolls that the loan would be documented on a "stated income" basis, that this procedure would increase the annual interest rate by .25% or .50%, that they the "stated income" method was not only inappropriate but unnecessary.

18.     Okebugwu failed to disclose to the Carrolls that he was not a licensed mortgage broker under District of Columbia law.

19.     On September 22, 2006, Plaintiffs served on Fremont by hand delivery through Federal Express, notice of intent to seek rescission.

20.   Because of Defendants' improper conduct, Plaintiffs' home is encumbered by a
high cost loan that imposes terms that cannot be satisfied.

21.   Had Plaintiffs known and understood the true and accurate material terms of the
loan they would not have entered the transaction.

22.   The loan contains numerous and unreasonable costs, and Fremont and Smith-
Myers knew or should have known that Plaintiffs could not afford these costs and that the loan
was unconscionable Defendant knew that Plaintiffs are black, Robert Carroll is retired and in his
mid-70s. Because of the age of Robert Carroll and Monica Carroll's disability of extreme
dyslexia, they knowingly took advantage of them, and placed them in a sub-prime loan that was
unconscionable. Defendants actions complained of here violated the civil rights of Plaintiffs
because of discrimination on the basis of race and age, in violation of federal and District of
Columbia law.

## COUNT I

*(Damages and Rescission Under TILA Against Fremont Investment)*

23.   Plaintiffs repeats and incorporates by reference each of the allegations and
statements set forth in paragraphs 1 through 22.

24.   Plaintiffs gave timely written notice of their intent to rescind under TILA and
Regulation Z of the loan from Fremont.

25.   Plaintiffs rights were violated under TILA, entitling them to statutory damages

## COUNT II

(*Treble Damages Under DCCPPA Against Fremont, Smith-Myer and Okebugwu*)

25.    Plaintiff repeats and incorporates by reference each and every allegation set out in paragraphs 1 through 24.

26.    The purpose of the DCCPPA is to protect consumers from unfair and misleading business practices and to provide consumers with proper redress of grievances.

27.    The DCCPPA applies to credit loans secured by residential property and to the provision of settlement services.

28.    Under the DCCPPA, an aggrieved consumer who suffered damages as a result of violation of the DCCPPA, can bring an action and recover treble damages, punitive damages, the award of reasonable attorney's fees and costs and other relief.

29.    Under the DCCPPA, a misrepresentation of a material fact that has the tendency to mislead a consumer, or the failure to state a material fact is such failure tends to mislead.

30.    Under the District of Columbia Mortgage Lender and Broker Act of 1996, the lender and the loan broker are obligated to provide to the borrower a financing agreement executed by the lender at least 72 hours before the settlement, disclosing, among other things, all points and fees to be paid by the borrower. D.C. Code § 26-1113(a)(2)(D) and § 26-1113(b)(1)[formerly codified at § 26-1013]. The purpose of this Act is to prevent unfair and misleading business practices and to supplement the disclosures of estimated settlement required under federal law, by affording borrowers at least three days before settlement the opportunity to

review a binding commitment that discloses all points and fees and limits those that may be charges at settlement to those that are stated in the financing agreement.

31.    Smith-Myers failed to comply with the D.C. Mortgage Lender and Broker Act when it failed to disclose all points and fees. A licensee may only accept an application for a loan by telephone at the borrower's request.

32.    It is a violation of the DCPPA, "whether or not the consumer borrower is in fact misled, deceived or damaged thereby, for any person...(r) to make or enforce unconscionable terms or provisions[.]" And in applying this subsection, among other factors consideration is to be given to "(1) knowledge by the person at the time credit sales are consummated that there was no reasonable probability of payment in full of the obligation by the consumer." Consideration must also be given to knowledge "(5) that the person has knowingly taken advantage of the inability of the consumer reasonably to protect his interests by reason of age, physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of the agreement, or similar factors."

33.    Defendants violated the prohibition against unconscionable terms under the DCPPA, D.C. Code 28-3904(r), in that, inter alia: took advantage of Robert Carroll's age, infirmities, and lack of sophistication;  took advantage of Monica and Annette Carroll's age, infirmities, and lack of sophistication; processed, approved and finalized a loan to Monica and Robert Carroll with knowledge that there was no reasonable probability that Monica and Robert Carroll would be able to repay; made the loan in furtherance of a pattern and practice of

extending residential mortgage loans to consumers without regard to the consumer's ability to repay.

34.     Defendants' acts complained of here are unfair and deceptive trade practices within the meaning of the DCPPA, entitling Plaintiff to treble damages, or $1,500 per violation, whichever is greater, reasonable attorney's fees, and punitive damages, as well as an injunction against the unlawful trade practice and any other relief the court deems appropriate. D.C. Code § 28-3904(k)(1) .

35.     Defendants' acts were the direct and proximate cause of Plaintiff's injuries that include humiliation, pain, suffering and embarrassment.

36.     Defendants' acts in violation of the DCPPA were egregious, outrageous, acted with evil motive, acted with actual malice or in willful disregard for the rights of plaintiff, acted with wilful motive, intentional, willful and wanton and justify the imposition of punitive damages and trebling.

WHEREFORE

1.     Under Count I for violation of the TILA, Plaintiffs pray that judgment be entered against Fremont and that Plaintiffs be awarded rescission and statutory damages;

2.     Under Count II for violation of the DCPPA, Plaintiffs pray that judgment be entered against Fremont, Smith-Myers and Okebugwu, jointly and severally, for compensatory damages of $10,000, punitive damages of $30,000, and treble the amount of damages actually awarded;

4.    Award reasonable attorney's fees and costs under the fee shifting provisions of the

federal and District of Columbia statutes, and costs; and

5.    Award such further and additional relief as the Court may deem just and

appropriate.

Respectfully submitted,

Dated: September 26, 2006                          _____/s/_____
                                                   C. Michael Tarone, D.C. Bar # 159228
                                                   Karl & Tarone
                                                   900 17th Street, NW, Suite 1250
                                                   Washington, DC 20006

                                                   Tel. (202) 293-3200
                                                   Fax (202)429-1851)

                                                   Counsel for Plaintiffs

                                                   ROBERT CARROLL
                                                   MONICA CARROLL

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of law.

_____/s/_____
C. Michael Tarone

Exhibit B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Robert Carroll                              )
3328 17th Street, NW                        )
Washington, DC 20010,                       )          **Demand Jury Trial**
                                            )
          And                               )
                                            )
Monica Carroll                              )
3328 17th Street, NW                        )
Washington, DC 20010,                       )
                                            )
                    Plaintiffs,             )
                                            )
                    v.                      )
                                            )
Freemont Investment & Loan                  )
1401 Willow Pass Road, Suite 50             )
Concord, CA 94520,                          )
                                            )
          Serve: Registered Agent           )
          CT Corporation Systems            )
          1015 15th Street, NW              )
          Washington, DC 20005              )
                                            )
          And                               )
                                            )
Smith-Myers Corporation                     )
9200 Basil Court, Suite 100                 )
Upper Marlboro, MD 20774,                   )
                                            )
          Serve: Registered Agent           )
          Remilekun Duyile                  )
          6012 Queens Chapel Road           )
          Hyattsville, MD 20782             )
                                            )

And                                          )
                                             )
Frank Okebugwu                               )
c/o Smith-Myers Corporation                  )
9200 Basil Court, Suite 100                  )
Upper Marlboro, MD 20774,                    )
                                             )
                Defendants.                  )
                                             )

## COMPLAINT
### (Action for Monetary and Equitable Relief)

### PRELIMINARY STATEMENT

Plaintiffs, Robert Carroll and Monica Carroll, for their complaint allege:

1.      This Complaint is filed by Plaintiffs Robert Carroll and Monica Carroll, who are

father and daughter, under the federal Truth-in-Lending Act, 15 U.S.C. §§ 1601- 661j ("TLA"),

which is contained in title I of the Consumer Credit Protection Act, as amended; and the

implementing regulation issued by the Board of Governors of the Federal Reserve, known as

"Regulation Z,"16 C. F. R. § 226.4,  the corollary District of Columbia statute, D.C. Code § 28-

3301, and the District of Columbia Consumer Protection and Procedures Act ("DCPPA"), D.C.

Code §§ 28-3901 to -3911 (a comprehensive statute designed to provide procedures and

remedies for a broad range fo practices that injure consumers), and torts under common law of

fraud and negligence. Plaintiff seeks statutory damages under TILA, 15 U.S.C. § 1640.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over action under 28 U.S.C. §§ 1331

(federal question), § 1332 (diversity), § 1337(a), in that the Carrolls are residents of the District

of Columbia, Fremont Investment is a California corporation which is a resident of the State of

California where it has its principal place of business, and Okebugwu is a resident of the State of

Maryland. The Court has personal jurisdiction over the non-resident Defendants under the

District of Columbia long-arm statute, D.C. Code § 13-423.

3.      Venue is proper in the United States District Court for the District of Columbia

under 28 U.S.C. § 1391(b) and (c).

### PLAINTIFFS

4.      Plaintiff **Robert Carroll** has at all times material to this complaint has resided

and been domiciled in District of Columbia, and is the owner by "joint tenancy" of the

residential property and improvements located at 3328 17th Street, NW, Washington, DC 20010,

under a Deed of Trust of 7/15/92, and recorded as Lot 663 in Square 2612 in a subdivision made

by Chapin Brown, as per plat recorded in Liber No. 47 at folio 133 among the Records of the

Office of Surveyor of the District of Columbia. The "joint tenancy" consists of Robert Carroll,

and his daughters Monica Carroll and Annette Carroll.

5.      Plaintiff **Monica Carroll** has at all times material to this complaint has resided

and been domiciled in District of Columbia, and is the owner by "joint tenancy" of the

residential property and improvements located at 3328 17th Street, NW, Washington, DC 20010,

under a Deed of Trust of 7/15/92, and recorded as Lot 663 in Square 2612 in a subdivision made

by Chapin Brown, as per plat recorded in Liber No. 47 at folio 133 among the Records of the

Office of Surveyor of the District of Columbia.

## DEFENDANTS

6.    Defendant **Fremont Investment & Loan** is a federally chartered savings and

loan that has its principal place of business in California, is organized under the laws of the State

of California, and it is authorized to do business in the District of Columbia.

7.    Defendant **Smith-Myers Corporation**, was originally formed under Maryland

law as "Premier Mortgage Solutions, Inc." on August 4, 2003, and changed its name to "Smith

Myers Corporation" on April 20, 2006, and its trade name is "Smith-Myers Mortgage Group."At

all times material to this complaint, its principal place of business has been 6012 Queens Chapel

Road, Hyattsville, MD 20782. The owner of Smith-Myers Corporation is Jeffrey Smith. The

owner of Premier Mortgage Solutions were Remilekun Duyile and Waleola Duyile. At all times

material to this complaint, Smith-Myers was a mortgage broker licensed under Maryland

Mortgage Lender law, MD Code. Ann. [Financial Institutions] § 11-501 *et seq.*, and under

District of Columbia law, D.C. Code Mun. Regs., Tit. 26A, § 1100.

8.    Defendant **Frank Okebugwu** is, based on information and belief, a resident of

the State of Maryland. Okebugwu is a mortgage agent who was employed by American

Residential Funding Services and Smith-Myers Corporation at all times material to this

complaint. The Carrolls were clients of Okebugwu and he acted as their mortgage broker. He

personally provided the mortgage brokerage services that are material to the claims in this

Complaint. At all times material to this complaint, Okebugwu was not licensed as a mortgage

agent as required by District of Columbia law.

## FACTUAL ALLEGATIONS

*Sub-prime Loan Defined*

9.      Plaintiff was relegated to the financing his home mortgage in the sub-prime

market. A sub-prime loan is made to borrowers who have a FICA score of 660 or below; at least

two 30-day delinquencies in the past year, a debt service-to-income ratio of 50% or more; a

declaration of bankruptcy within the past 5 years; or a foreclosure, repossession, or charge off in

the preceding 24 months. The populations most victimized by predatory lending in the sub-prime

market are minority and low income families.  The *Washington Post* of 12/07/04 reported that

sub-prime lending is the fastest growing part of the mortgage industry and that between 1994

and 2003, it grew at an average rate of 25% a year. In the District of Columbia, according to the

Mortgage Bankers Association, sub-prime loans accounted for 4.5% of all mortgages, compared

to 8.1% in Maryland.

*Home Mortgage Refinancing*

10.      On June 24, 2002, Carroll replaced the existing mortgage on the home with a loan

from Wells Fargo.

11.      On January 5, 2004, Carroll replaced the existing Wells Fargo mortgage on the

home with a mortgage from Anyloan, Inc.

12.    On September 23, 2005, Carroll replaced the existing Anyloan, Inc. mortgage
with a loan from Freemont Investment & Loan..

13.    Freemont Investment & Loan is the current mortgagee or mortgage lender.
Fremont Investment is a sub-prime lender. The residential home mortgage at issue here was
generated in the sub-prime market.

*Mortgage Broker*

14.    Smith-Myers is mortgage broker and Okebugwu is one of its agent- brokers.

15.    Okebugwu misrepresented to the Carrolls, among other things, that the Fremont
loan did not require a prepayment penalty when he knew that it did.

16.    Okebugwu misrepresented to the Carrolls that the monthly mortgage payments
would be no more than $2,500 when he knew that they would exceed $2,700.

17.    Okebugwu knowingly failed to disclose to the Carrolls that the loan would be
documented on a "stated income" basis, that this procedure would increase the annual interest
rate by .25% or .50%, that they the "stated income" method was not only inappropriate but
unnecessary.

18.    Okebugwu failed to disclose to the Carrolls that he was not a licensed mortgage
broker under District of Columbia law.

19.    On September 22, 2006, Plaintiffs served on Fremont by hand delivery through
Federal Express, notice of intent to seek rescission.

20.     Because of Defendants' improper conduct, Plaintiffs' home is encumbered by a high cost loan that imposes terms that cannot be satisfied.

21.     Had Plaintiffs known and understood the true and accurate material terms of the loan they would not have entered the transaction.

22.     The loan contains numerous and unreasonable costs, and Fremont and Smith-Myers knew or should have known that Plaintiffs could not afford these costs and that the loan was unconscionable Defendant knew that Plaintiffs are black, Robert Carroll is retired and in his mid-70s. Because of the age of Robert Carroll and Monica Carroll's disability of extreme dyslexia, they knowingly took advantage of them, and placed them in a sub-prime loan that was unconscionable. Defendants actions complained of here violated the civil rights of Plaintiffs because of discrimination on the basis of race and age, in violation of federal and District of Columbia law.

## COUNT I

*(Damages and Rescission Under TILA Against Fremont Investment)*

23.     Plaintiffs repeats and incorporates by reference each of the allegations and statements set forth in paragraphs 1 through 22.

24.     Plaintiffs gave timely written notice of their intent to rescind under TILA and Regulation Z of the loan from Fremont.

25.     Plaintiffs rights were violated under TILA, entitling them to statutory damages

## COUNT II

(*Treble Damages Under DCCPPA Against Fremont, Smith-Myer and Okebugwu*)

25.    Plaintiff repeats and incorporates by reference each and every allegation set out in paragraphs 1 through 24.

26.    The purpose of the DCCPPA is to protect consumers from unfair and misleading business practices and to provide consumers with proper redress of grievances.

27.    The DCCPPA applies to credit loans secured by residential property and to the provision of settlement services.

28.    Under the DCCPPA, an aggrieved consumer who suffered damages as a result of violation of the DCCPPA, can bring an action and recover treble damages, punitive damages, the award of reasonable attorney's fees and costs and other relief.

29.    Under the DCCPPA, a misrepresentation of a material fact that has the tendency to mislead a consumer, or the failure to state a material fact is such failure tends to mislead.

30.    Under the District of Columbia Mortgage Lender and Broker Act of 1996, the lender and the loan broker are obligated to provide to the borrower a financing agreement executed by the lender at least 72 hours before the settlement, disclosing, among other things, all points and fees to be paid by the borrower. D.C. Code § 26-1113(a)(2)(D) and § 26-1113(b)(1)[formerly codified at § 26-1013). The purpose of this Act is to prevent unfair and misleading business practices and to supplement the disclosures of estimated settlement required under federal law, by affording borrowers at least three days before settlement the opportunity to

review a binding commitment that discloses all points and fees and limits those that may be charges at settlement to those that are stated in the financing agreement.

31.    Smith-Myers failed to comply with the D.C. Mortgage Lender and Broker Act when it failed to disclose all points and fees. A licensee may only accept an application for a loan by telephone at the borrower's request.

32.    It is a violation of the DCPPA, "whether or not the consumer borrower is in fact misled, deceived or damaged thereby, for any person...(r) to make or enforce unconscionable terms or provisions[.]" And in applying this subsection, among other factors consideration is to be given to "(1) knowledge by the person at the time credit sales are consummated that there was no reasonable probability of payment in full of the obligation by the consumer." Consideration must also be given to knowledge "(5) that the person has knowingly taken advantage of the inability of the consumer reasonably to protect his interests by reason of age, physical or mental infirmities, ignorance, illiteracy, or inability to understand the language of the agreement, or similar factors."

33.    Defendants violated the prohibition against unconscionable terms under the DCPPA, D.C. Code 28-3904(r), in that, inter alia: took advantage of Robert Carroll's age, infirmities, and lack of sophistication;  took advantage of Monica and Annette Carroll's age, infirmities, and lack of sophistication; processed, approved and finalized a loan to Monica and Robert Carroll with knowledge that there was no reasonable probability that Monica and Robert Carroll would be able to repay; made the loan in furtherance of a pattern and practice of

extending residential mortgage loans to consumers without regard to the consumer's ability to repay.

34.     Defendants' acts complained of here are unfair and deceptive trade practices within the meaning of the DCPPA, entitling Plaintiff to treble damages, or $1,500 per violation, whichever is greater, reasonable attorney's fees, and punitive damages, as well as an injunction against the unlawful trade practice and any other relief the court deems appropriate. D.C. Code § 28-3904(k)(1) .

35.     Defendants' acts were the direct and proximate cause of Plaintiff's injuries that include humiliation, pain, suffering and embarrassment.

36.     Defendants' acts in violation of the DCPPA were egregious, outrageous, acted with evil motive, acted with actual malice or in willful disregard for the rights of plaintiff, acted with wilful motive, intentional, willful and wanton and justify the imposition of punitive damages and trebling.

WHEREFORE

1.     Under Count I for violation of the TILA, Plaintiffs pray that judgment be entered against Fremont and that Plaintiffs be awarded rescission and statutory damages;

2.     Under Count II for violation of the DCPPA, Plaintiffs pray that judgment be entered against Fremont, Smith-Myers and Okebugwu, jointly and severally, for compensatory damages of $10,000, punitive damages of $30,000, and treble the amount of damages actually awarded;

4.    Award reasonable attorney's fees and costs under the fee shifting provisions of the

federal and District of Columbia statutes, and costs; and

5.    Award such further and additional relief as the Court may deem just and

appropriate.

Respectfully submitted,

Dated: January 5, 2007                          _____/s/_____
                                                C. Michael Tarone, D.C. Bar # 159228
                                                Karl & Tarone
                                                900 17th Street, NW, Suite 1250
                                                Washington, DC 20006

                                                Tel. (202) 293-3200
                                                Fax (202)429-1851)

                                                Counsel for Plaintiffs

                                                ROBERT CARROLL
                                                MONICA CARROLL


**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of law.

_____/s/_____
C. Michael Tarone

# Exhibit C



**FREMONT**
INVESTMENT & LOAN

Loss Mitigation Department
3110 E. Guasti Rd
Ontario, CA 91761
Tel. No. (866) 434-0291

October 19, 2006

MONICA CARROLL
3328 17TH ST NW.
WASHINGTON, DC 20010

Loan: 7000166086

### FORBEARANCE AGREEMENT

Fremont Investment & Loan, ("Lender") and MONICA CARROLL; ROBERT CARROLL ("Borrower") acknowledge and agree that:

### ACKNOWLEDGEMENTS

1. On 09/28/2005 Borrower executed that certain promissory note ("the Note") in the face amount of $218230. which evidences a loan in that amount. The Note is secured by a Deed of Trust or Mortgage ("the Mortgage") upon the Property at 3328 17TH ST NW, ("The Property"). The Note and the Mortgage are hereafter collectively referred to as " the Loan" or the "Loan Documents."

2. Borrower has defaulted on the Loan. $14,796.44 is delinquent ("the Default") and $ 287,213.67 is due. ("The Debt.")

3. ~~Borrower acknowledges the Default and the Debt and further acknowledges Borrower has no defense or legal obligation on the Note, the Mortgage, the Default or the Debt.~~

4. Borrower has requested Lender to temporarily forbear enforcement of its rights under the Loan to better enable Borrower to cure the Default.

5. Lender has agreed to temporarily forbear enforcement of its rights under the Loan pursuant to the terms of this Forbearance Agreement. ("The Agreement.")

6. In consideration of the mutual benefits of this Agreement, Borrower and Lender agree as follows: ✗ _Robert Carroll_

✗ _(signature)_                    ✗ _(signature)_
INITIAL                              INITIAL

_Fremont Investment and Loan is a debt collector and is attempting to collect a debt, any information obtained will be used for that purpose._

Letter: LM082So.doc                    1 of 4



**FREMONT**
INVESTMENT&LOAN

Loss Mitigation Department
3110 E. Guasti Rd
Ontario, CA 91761
Tel. No. (866) 484-0291

---

### AGREEMENTS

1. The acknowledgements are incorporated herein by reference.

2. **DOWNPAYMENT** Upon execution of this Agreement, Borrower will deliver to Lender $5,547.20 in certified funds by 10/19/2006, The First Payment Due Date.

3. **INSTALLMENT PAYMENTS:**
**Refer to the "Payment Plan Report" that is attached –For Payment Schedule**
All installment payments shall be in certified funds, Western Union Quick Collect or money order payable to Fremont Investment & Loan. Borrower must deliver all installment payments to Lender by 2:00 PM on the Due Date. Lender may reject partial payments.

4. **TIME OF THE ESSENCE** Time is strictly of the essence of this Agreement. Lender must actually receive all the installment payments at the place, date and time above specified. It is Borrower's obligation to fully and timely make all installment payments required by the Agreement.

5. **INCREASED INSTALLMENT PAYMENTS** Lender may increase the installment payments as necessary to cover any increase in payment authorized by the Loan Documents. Such increase shall occur on the Payment Change specified in the Loan Documents.

6. **CONTINUING OBLIGATIONS** During the term of this Agreement Borrower must continue to meet all other obligations under the Loan, including, but not limited to any senior lien, insurance or tax payments the Loan Documents require.

7. **BREACH** This Agreement will automatically terminate if Borrower breaches any of its provisions. There is no grace period or right to cure under this Agreement. Lender will, however, give Borrower 5 day's written notice of Borrower's breach of the Agreement. The notice will describe the breach. Lender will mail the notice to Borrower at the address above specified. 5 days after the mailing date Lender may proceed to enforce its rights under the Loan. Lender will not refund to Borrower any funds it collects under this Agreement in the event Borrower breaches any provision of this Agreement.

8. **FORECLOSURE** During the term of this Agreement and while Borrower fully performs under this Agreement, Lender will not take any further steps to prosecute the foreclosure. Lender may, however, postpone any pending further proceedings as necessary to maintain the status of the foreclosure as of the date of this Agreement. Borrower agrees that Lender need not

*Fremont Investment and Loan is a debt collector and is attempting to collect a debt, any information obtained will be used for that purpose.*

---

X _initial_          2 of 4   X _initial_

Letter-LM0825c.doc



Loss Mitigation Department
3110 E. Guasti Rd
Ontario, CA 91761
Tel. No. (866) 484-0291

give Borrower any notice of such postponements other than postponement or sale notices required by state law where the Borrower has not expressly or implicitly agreed to a postponement of the sale. Borrower acknowledges it is Borrower's responsibility and not Lender's obligation to monitor the status of any pending foreclosure. For this purpose borrower may contact the foreclosure agent Cohn, Goldberg & Deutsch, LLC at 600 Baltimore Ave, Towson, MD 21204 Telephone 410-296-2550

9. **CANCELLATION OF FORECLOSURE** Lender will not cancel any pending foreclosure proceedings until Borrower fully cures the Default and reinstates the Loan by making all payments due under the Loan, including but not limited to, mortgage payments, late fees, attorney fees and any other charges Lender is authorized to impose under the Loan Documents to protect its interests.

10. **COMPLETION OF AGREEMENT** If Borrower successfully completes the Agreement, but still has not cured the Default, Lender may, but is not obligated to, extend the Agreement on the same or different terms.

11. **LOAN DOCUMENTS** All the rights and obligations of the Loan Documents, except as expressly changed by this Agreement, remain in full force. Nothing contained herein shall be construed to impair the Loan Documents or affect or impair rights or powers under the Loan Documents to recover the any sums due under them together with interest and costs.

12. **PREVIOUS DISCHARGE IN BANKRUPTCY** In the event that the underlying debt has been discharged as a result of a prior bankruptcy proceeding, Lender hereby acknowledges it is not assessing personal liability for the debt to the Borrower and its recourse in collection matters shall be limited to the collateral for the Loan.

13. **NON WAIVER** Any failure by Lender to insist on strict performance of any provision of this Agreement does not constitute a waiver of such provision or any other provision of this Agreement.

14. **BORROWER RELEASE OF LENDER** Borrower hereby releases Lender of any and all claims known or unknown, which Borrower has against Lender which in any way arise from or relate to the Loan, the Default or the Debt. Borrower also specifically waives any right it has under any statute, which provides that a release does not extend to claims, which the releasor does not know and suspect to exist in his favor at the time of executing the release, which, if known by him, would materially affect his settlement with the releasee.

15. **ENTIRE AGREEMENT** There are no agreements between Lender and Borrower other than the express agreements contained in this Agreement and the Loan Documents. This agreement supercedes all negotiations and other agreements between Lender 1 and Borrower other than those set forth in the Loan Documents.

*Fremont Investment and Loan is a debt collector and is attempting to collect a debt, any information obtained will be used for that purpose.*

Letter LM0825c.doc      X _____ Initial      3 of 4      X _____ Initial



**FREMONT**
**INVESTMENT&LOAN**

Loan Mitigation Department
3110 E. Guasti Rd
Ontario, CA 91761
Tel. No. (866) 484-0291

16. **AMENDMENT**  This agreement can only be amended in writing. **Borrower waives any right to ever assert that Lender orally agreed to amend the terms of this Agreement in return for payment of any sum or other act by Borrower.**

17. **ATTORNEY FEES AND COSTS**  Borrower shall upon demand promptly repay Lender any reasonable and necessary attorney fees and costs it incurs to enforce its rights under this Agreement or to defend against any claim of any kind arising from or related to this Agreement. Any such fees and costs shall become an additional obligation under the Loan.

FREMONT INVESTMENT & LOAN

Date: 10·19·06 -

By

ELIAS SAUCEDO

Date:

MONICA  CARROLL

Date:

ROBERT CARROLL

*Fremont Investment and Loan is a debt collector and is attempting to collect a debt, any information obtained will be used for that purpose.*

4 of 4

Letter TM082Sca.doc

Exhibit D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Carroll<br>3328 17ᵗʰ Street, NW<br>Washington, DC 20010, )<br><br>        And        )<br><br>Monica Carroll<br>3328 17ᵗʰ Street, NW<br>Washington, DC 20010, )<br><br>              Plaintiffs, )<br><br>          v.          )<br><br>Freemont Investment & Loan, *et al.*, )<br><br>              Defendants. ) | Civil Action No. 1:06-cv-01641 (HHK) |

### NOTICE OF DISMISSAL
**(Without Prejudice)**

Plaintiffs hereby dismiss this action <u>without prejudice</u> under Rule 41(a)(1) of the Federal

Rules of Civil Procedure, no other parties having appeared in this action.


Respectfully submitted,


Dated: January 19, 2007                  _____/s/_____
                                         C. Michael Tarone, D.C. Bar # 159228
                                         Karl & Tarone
                                         900 17ᵗʰ Street, NW, Suite 1250
                                         Washington, DC 20006
                                         Tel. (202) 293-3200
                                         Fax (202)429-1851)

                                         Counsel for Plaintiffs