UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT CARROLL, et al.                  :
                                        :
        Plaintiffs,                     :
                                        :
v.                                      :        C.A. No. 1:08-cv-00900
                                        :        Judge Henry H. Kennedy
FREEMONT INVESTMENT & LOAN,             :
et al.                                  :
                                        :
        Defendants.            .        :

### DEFENDANT CONSUMER FIRST TITLE, LLC, TRUSTEE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW Defendant CONSUMER FIRST TITLE, LLC, TRUSTEE (hereinafter, "Defendant" or "*this* Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, moves for dismissal with prejudice, as to Plaintiffs' Complaint and as its grounds, submits the accompanying Memorandum.

Date: June 26, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**


    \s\ Craig L. Sarner
Joseph J. Bottiglieri, Esquire, Bar No. 11523
Craig L. Sarner, Esquire, Bar No. 25891
1233 20th Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
***Counsel for Defendant CONSUMER FIRST TITLE, LLC, TRUSTEE***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT CARROLL, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 1:08-cv-00900 |
| | : | Judge Henry H. Kennedy |
| FREEMONT INVESTMENT & LOAN, | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT CONSUMER FIRST TITLE, LLC, TRUSTEE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COMES NOW Defendant CONSUMER FIRST TITLE, LLC, TRUSTEE (hereinafter, "Defendant" and/or "*this* Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, files this Memorandum in support of its Motion to Dismiss Plaintiffs' Complaint with prejudice, and as its grounds, states the following:.

### I.    PRELIMINARY STATEMENT

Plaintiffs have filed this action, seeking compensatory, treble, statutory and punitive damages, along with attorneys' fees and costs, against several parties, *apparently* including *this* Defendant. The reason for the use of the term "*apparently*", is due to the fact that Plaintiffs have repeatedly used the term "defendants" throughout the Complaint, without identifying the specific "defendant" to which Plaintiffs are referring. It is unclear from the Plaintiffs' Complaint as to whether *this* Defendant has been named simply because it was the "trustee"[1], i.e., a "necessary"

---

[1] Defendant was named as the "trustee" in the Deed of Trust. However, a Deed of Appointment of Substitute Trustee was entered on April 23, 2008. (See attached, Exhibit A). Therefore, at the time that the instant action was filed, *this* Defendant was no longer the "trustee." To the extent that the inclusion of Exhibit A is deemed necessary in reaching a determination, then the court may consider this matter to be a Motion for Summary Judgment pursuant to Rule 56 of the F.R.C.P.

193544-1

and "indispensable" party, or if the Plaintiffs are seeking monetary damages against *this* Defendant based upon its actions or inactions. However, in the caption of Plaintiffs' Complaint *this* Defendant is identified as "Trustee", in paragraph 9 *this* Defendant is simply identified as "the trustee" and in Count I, paragraph 72, Plaintiffs state that *this* Defendant "is named as defendant only to the extent that it is a trustee." Therefore, while it appears from the Plaintiffs' Complaint that *this* Defendant is named in this lawsuit only in its capacity as the "trustee,"[2] and that Plaintiffs are not seeking any monetary damages against it, out of an abundance of caution, *this* Defendant moves to dismiss the Plaintiffs' Complaint. Moreover, as *this* Defendant is no longer the "trustee" (see footnote 1 and Exhibit A), the Complaint should be dismissed with prejudice against it.

## II.    **PLAINTIFF'S FACTUAL ALLEGATIONS**

This matter stems from a real estate closing, i.e., refinance, that occurred on or about September 23, 2005. Plaintiffs allege that this matter involved "predatory lending" (Complaint, ¶ 1). Plaintiffs allege that "defendants grossly and fraudulently overstated the Carrolls' income above the amounts that had been verified in writing" (Complaint, ¶ 1). Plaintiffs further allege that the "Fremont loan imposed monthly mortgage serving costs that are unconscionable in violation of the D.C. Consumer Protection Act" (Complaint, ¶ 1).

## III.    **STANDARD OF REVIEW**

**A.    MOTION TO DISMISS**

**1.    Standard of Review for Motion to Dismiss.**

Defendant files this Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil

---

[2]  Plaintiffs' counsel has advised the undersigned that *this* Defendant has only been named in the instant action due to the fact that it was the "trustee." Given the fact that *this* Defendant is no longer the "trustee" (see footnote 1), the undersigned has requested that Plaintiffs dismiss *this* Defendant from this action with prejudice. Plaintiffs' counsel is reviewing this request, but has not yet made a determination.

193544-1

Procedure for Plaintiffs' "failure to state a claim upon which relief can be granted." Defendant also relies upon Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to assert the defense that a pleading fails to state a claim upon which relief can be granted by motion. *See* F.R.C.P. 12(b)(6). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the role of the district court is to assess the legal feasibility of the complaint, not to weigh the evidence which might be offered at trial. *See Festa v. Local 3 Int'l Bhd. Of Elec. Workers*, 905 F.2d 35, 37 (2d Cir.1990); *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). In doing so, "all factual allegations in the Complaint "must be accepted as true and the complaint must be viewed in the light most favorable to the plaintiff." *Odom v. Columbia University*, 906 F. Supp. 188, 193 (S.D.N.Y. 1995) (citing *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Banker's Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied*, 490 U.S. 1007 (1989)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court may dismiss an action where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Williams v. Amtrak,* 357 F.Supp.2d 1, 2 (D.C. Cir., 2003). Pursuant to F.R.C.P. Rule 12(b)(6), dismissal of a complaint is proper if, taking all the material allegations of the complaint as admitted and construing them in the plaintiff's favor, plaintiff still fails to allege each of the material elements of his cause of action. See *Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 374 (D.C. Cir. 2000).

Under Rule 9(b), "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). " In construing the Federal Rules

193544-1

of Civil Procedure setting forth requirement of heightened particularity with respect to pleading fraud or mistake, courts generally require that plaintiff plead time, place and contents of alleged fraudulent misrepresentation, as well as identity of each person making misrepresentation." *Breeden v. Richmond Community College*, 171 F.R.D. 189, 195 (M.D.N.C. 1997); W*ade v. Hooper*, 993 F2d 1246, 1251 (7th Cir. 1993).

Under Rule 9(b), "[i]n all averments of fraud…, the circumstances constituting fraud … shall be stated with particularity." " Rule 9(b) requires a heightened level of pleading with particularity with respect to claims for fraud. Conclusory allegations lacking particularity or specificity and/or legal conclusions cast in the form of legal allegations, are insufficient to state a claim for fraud. See *In re Newbridge Networks Securities*, 962 F.Supp. 166 (D.C. Cir., 1997); *Kowal v. MCI*, 16 F.3d 1271 (D.C. Cir., 1994); *Atraqchi v. GUMC*, 788 A.2d 559 (D.C., 2002).

## IV.    ARGUMENT

### A.    PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER CPPA (STATUTORY AND DERIVATIVE) (COUNTS I AND II)

In Counts I and II of Plaintiffs' Complaint, they attempt to allege a cause of action under CPPA against *this* Defendant. However, Plaintiffs simply have restated the elements of a cause of action in place of the actual factual allegations in support thereof. Other than referring to "defendants" generally, Plaintiffs have failed to set out *this* Defendant's actions that would fall under the CPPA and/or the basis for Plaintiffs' claim that the CPPA is even applicable as to *this* Defendant.

In order for Plaintiffs to obtain damages pursuant to the CPPA, Plaintiffs must allege and prove a "material misrepresentation." *Osbourne v. Capital City Mortgage*, 667 A.2d 1321 (D.C.,

193544-1

1995).  Plaintiffs have not made any such allegations against any of the "defendants" in their

Complaint, let alone any such claim against *this* Defendant.  Therefore, Count I is deficient.

Furthermore, while DC Code §28-3809 appears to be applicable to "lenders," *this*

Defendant is not a "lender".  Therefore, Count II cannot is not applicable to *this* Defendant.

Moreover, in paragraph 72, Plaintiffs state that, "Consumer First Title, LLC is named as

defendant only to the extent that it is a trustee."  Accordingly, as no independent allegations are

made against *this* Defendant, and *this* Defendant is no longer the "trustee", it must be dismissed

from this action.

Therefore, Counts I and II of Plaintiffs' Complaint must be dismissed with prejudice.

**B.    PLAINTIFFS HAVE FAILED TO STATE WITH**
**REQUISITE SPECIFICITY A CLAIM FOR FRAUD**
**(COUNT III)**

To establish a claim for fraud, Plaintiffs' must allege:  (1) that Defendant made a false

representation to Plaintiffs; (2) of material fact, (3) made with knowledge of its falsity, (4)

with intent to deceive and (4) Plaintiffs' reliance upon the representation.  *See Bennett v.*

*Kiggins,* 377 A.2d 57 (D.C., 1977).  "One pleading fraud must allege such facts as will reveal

the existence of all the requisite elements of fraud."  *Id.*  However, conclusory statements are

insufficient to state a claim for fraud.  See *Atraqchi v. GUMC*, 788 A.2d 559 (D.C., 2002).

Plaintiffs' Complaint, while stating "buzz" words and/or conclusory statements that

appear to sound in fraud, fails to actually allege any elements of fraud, at least as to *this*

Defendant.  First, there is no allegation that *this* Defendant made any false representation

whatsoever to Plaintiffs.  Second, there is no factual allegation that *this* Defendant knew that

something it communicated to Plaintiffs was false, let alone materially false.  Third, there is

no factual allegation that *this* Defendant made any such misrepresentation for the purpose of

defrauding Plaintiffs. <u>Fourth</u>, there is no factual allegation that Plaintiffs reasonably relied to their detriment on any such misrepresentation made by *this* Defendant. In sum, whatever alleged fraudulent activity may have occurred among the other parties, i.e., allegations of "predatory lending", there is no allegation that properly ties *this* Defendant.

Furthermore, pursuant to F.R.C.P. Rule 9(b), to properly state a claim for fraud, Plaintiffs must state, ***with specificity***, the actions or inactions of *this* Defendant that they alleged were fraudulent. In their Complaint, Plaintiffs merely make generalized statements, lumping all of the "defendants" together without any specific factual allegations being made against any specific defendant, let alone against *this* Defendant. This is not sufficiently pled, pursuant to Rule 9(b), to state a claim for fraud against *this* Defendant. See *In re Newbridge Networks Securities*, 962 F.Supp. 166 (D.C. Cir., 1997); *Kowal v. MCI*, 16 F.3d 1271 (D.C. Cir., 1994); *Atraqchi v. GUMC*, 788 A.2d 559 (2002); *Cinalli v. Kane*, 191 F.Supp.2d 601 (E.D.Pa., 2002).

For any such allegations of fraud, Plaintiffs must state, with specificity, the exact statements, including the person making such statements, the date such statements were made and to whom they were made. Plaintiffs have failed to do so in their Complaint.

The Complaint contains nothing more than "catch-all" conclusory statements, with absolutely no factual allegations cited in the Complaint to support any claim for fraud against *this* Defendant. However, "in all averments of fraud …, the circumstances constituting fraud … must be stated with particularity." *Snow v. Capitol Terrace*, 602 A.2d 121 (D.C., 1992). While Plaintiffs make generalized statements regarding "defendants'" alleged activities as a whole, Plaintiffs have failed to state what actions of *this* Defendant constitute fraud.

Therefore, Count III of the Plaintiffs' Complaint must be dismissed with prejudice.

**C.    THE CLAIM FOR PERMANENT INJUNCTION SHOULD BE DISMISSED AS MOOT (COUNT IV)**

As *this* Defendant is no longer the "trustee," it has no interest and/or control of the subject property and/or any such foreclosure action. Moreover, as the foreclosure is alleged to have taken place on June 10, 2008, and that date has passed, this request is moot. In any event, *this* Defendant has no authority with respect to the request for Permanent Injunction.

Accordingly, Count IV must be dismissed with prejudice.

**D.    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY (COUNT V)**

In Count V of Plaintiffs' Complaint, Plaintiffs attempt to allege a cause of action for breach of fiduciary duty against *this* Defendant. However, Plaintiffs simply have restated the elements of a cause of action in place of the actual factual allegations in support thereof. Other than referring to "defendants" Plaintiffs have failed to set out *this* Defendant's actions that constitute a breach of fiduciary duty and/or the basis for Plaintiffs' claim that *this* Defendant even owed Plaintiffs such a duty.

Plaintiffs appear to be restating their claim for fraud. However, again, Plaintiffs fail to make any specific allegations against *this* Defendant. Plaintiffs allege that "defendants" misrepresented Plaintiffs' income and that the terms of the "note" were "unconscionable. However, Plaintiffs fail to state what roll, if any, that *this* Defendant had in regard to the Plaintiffs' income terms of the loan or note. Plaintiffs have not, and cannot, make any specific allegations against *this* Defendant in regard to the "income" or "note" issue because, as Plaintiffs well know, *this* Defendant had nothing to do with the reporting of Plaintiffs' income and/or the terms of the loan. Accordingly, *this* Defendant had no such fiduciary duty to Plaintiffs.

Therefore, Counts V of Plaintiffs' Complaint must be dismissed with prejudice.

193544-1

**E.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
CONSPIRACY TO VIOLATE (COUNT VI)**

In paragraph 109 of Plaintiffs' Complaint they state that "the claims under this count are not stated as an independent tort under District of Columbia law." Therefore, as no "independent" cause of action appears to be alleged, this Count should basically be dismissed as moot. Furthermore, the undersigned is unaware of any such cause of action recognized in the District of Columbia entitled, "conspiracy to violate." Moreover, D.C. courts do not recognize "civil conspiracy" as an independent cause of action. See *Executive Sandwich Shoppe v. Carr*, 749 A.2d 724, 738 (D.C., 2000).

However, to the extent that a further position for dismissal is required, *this* Defendant restates and incorporates by reference, as if fully set forth herein, the reasoning for dismissal as cited in section B above (fraud). Basically, Plaintiffs have failed to make any specific allegations against *this* Defendant, not to mention the fact that there are not any allegations stated in the Complaint which would arise to the level of required to state a claim for conspiracy against *this* Defendant.

Therefore, Counts VI of Plaintiffs' Complaint must be dismissed with prejudice.

**F.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR
AIDING AND ABETTING (COUNT VII)**

In paragraph 113 of Plaintiffs' Complaint they state that "the claims under this count are not stated as an independent tort under District of Columbia law." Therefore, as no "independent" cause of action appears to be alleged, and D.C. courts do not recognize "adding and abetting" (civil) as an independent cause of action, this Count should be dismissed. Moreover, to date, D.C. courts have not recognized "(civil) aiding and abetting" as an

193544-1

independent cause of action.  See *Flax v. Schertler*, 935 A.2d 1091, 1107-1108 (D.C., 2007).

However, to the extent that a further position for dismissal is required, *this* Defendant restates and incorporates by reference, as if fully set forth herein, the reasoning for dismissal as cited in section B above (fraud). Basically, Plaintiffs have failed to make any specific allegations against *this* Defendant, not to mention the fact that there are not any allegations stated in the Complaint which would arise to the level of required to state a claim for aiding and abetting against *this* Defendant.

Therefore, Counts VII of Plaintiffs' Complaint must be dismissed with prejudice.

## G.  PLAINTIFF HAS FAILED TO STATE CLAIM FOR NEGLIGENCE (COUNT VIII)

In Count VIII of Plaintiffs' Complaint, Plaintiff attempts to allege a cause of action for negligence against *this* Defendant.  However, Plaintiff simply has restated the elements of a cause of action in place of the actual factual allegations in support thereof.  Other than referring to "defendants" Plaintiff has failed to set out *this* Defendant's actions or inactions that constitute negligence and/or the basis for *this* Defendant even has any such duty to Plaintiffs and/or to what extent *this* Defendant breached any such duty.

Therefore, Count VIII of Plaintiffs' Complaint must be dismissed with prejudice.

## H.  PLAINTIFF HAS FAILED TO STATE CLAIM FOR NEGLIGENT SUPERVISION (COUNT IX)

In Count IX of Plaintiffs' Complaint, Plaintiffs attempt to allege a cause of action for negligent supervision against *this* Defendant.  However, Plaintiffs merely state that "Defendant Premier Mortgage had an agency relationship with Freemont. Premier Mortgage had an agency relationship with Okebugwa …" There is no mention of *this* Defendant and/or any allegations as to its relationship with the other parties which would support such a cause of action.  Plaintiffs

193544-1

have failed to set out *this* Defendant's actions or inactions that constitute negligent supervision and/or any such basis for which *this* Defendant would even be liable to Plaintiffs' for negligent supervision.

District of Columbia courts have held that proof of an employment relationship is an essential element of a negligent supervision claim. See *Giles v. Shell Oil Corp.*, 487 A. 2d 610, 613 (D.C. App., 1985); see also *Brown v. Argenbright Security, Inc.*, 782 A.2d 752, 759-760 (D.C. App., 2001) (requiring proof of an employment relationship in order to establish negligent supervision of such employees). There are no such allegations against *this* Defendant in the Plaintiffs' Complaint to support this cause of action.

Therefore, Count IX of Plaintiffs' Complaint must be dismissed with prejudice.

## I.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR GROSS NEGLIGENCE (COUNT X)

In Count X of Plaintiffs' Complaint, Plaintiffs attempt to state a cause of action for gross negligence. However, this cause of action requires Plaintiffs to plead and prove that *this* Defendant's actions evinced "willful and wanton misconduct" and/or a "wanton or reckless disregard for human life or for the rights of others." Plaintiffs' sole factual allegations are stated in terms of "defendants" and do not even state what actions or inactions on the part of *this* Defendant constitute "willful and wanton misconduct." Furthermore, Plaintiffs do not state how *this* Defendant is alleged to have "failed to satisfy the standard of care in making the loan," any allegations that *this* Defendant had anything to do with "making the loan" and/or what the alleged standard of care for which Plaintiffs allege was violated by *this* Defendant.

Accordingly, Plaintiffs fail to state the actions or inactions on the part of *this* Defendant which Plaintiffs consider grossly negligent.

Therefore, Count X of the Complaint must be dismissed with prejudice.

193544-1

**J.    PLAINTIFFS' ALLEGATIONS DO NOT RISE TO THE LEVEL OF PUNITIVE DAMAGES**

The District of Columbia courts have been clear in reserving punitive damages only for those acts of a truly heinous nature and avoiding turning every case into one for punitive damages. To permit the facts, as alleged, to allow for punitive damages, would effectively turn every negligence action into one for punitive damages. The facts of the instant action, against *this* Defendant, do not rise to the level where the Plaintiffs' are to be permitted to seek punitive damages. Therefore, the Plaintiffs' claim for punitive damages must be dismissed.

Punitive damages are damages, other than compensatory or nominal damages, that are awarded to punish a person for extreme and shameful conduct and to deter that person and others from comparable behavior in the future. Restatement (Second) of Torts § 908 (2005). Extreme and shameful conduct is behavior that is "malicious, wanton, reckless or in willful disregard for another's rights." *Vassiliades v. Garfinckel's*, 492 A.2d 580, 593 (D.C. 1985).

It is well-established that punitive damages are not favored by the courts or by law. *Id.* See also *Knippen v. Ford Motor Company*, 546 F.2d 993, 1002 (D.C. Cir. 1976); *Rogers v. Lowes L'Enfant Plaza Hotel*, 526 F. Supp. 523, 534 (D.D.C. 1981). Punitive damages are reserved for "extreme cases." *Queen v. Postell*, 513 A.2d 812, 817 (D.C. 1986). As a result, these damages are awarded rarely and are not granted for "mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence." *Keshishian & Sons v. Washington Square, Inc.*, 414 A.2d 834, 842 (D.C. 1980); Restatement (Second) of Torts § 908 (2005).

As a matter of law, the elements necessary for a punitive damages claim are tortuous conduct aggravated by actual malice. *Dalo v. Kivitz*, 596 A.2d 35, 40 (D.C. 1991). Any award of punitive damages must be based on a "sufficient legal foundation" that is supported

193544-1

by both the law and the record. *Vassiliades*, 492 A.2d at 593. Additionally, *this* Defendant's conduct must show conscious or extremely reckless disregard or intentional wrongdoing. *Knippen*, 546 F.2d at 1002. The specific required elements for a successful claim for punitive damages include the commission of a tortuous act, "accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the Plaintiff's rights, or other circumstances tending to aggravate the injury." *Washington Medical Center, Inc. v. Holle*, 573 A.2d 1269, 1284 (D.C. 1990) (quoting *Parker v. Stein*, 557 A.2d 1319, 1322 (D.C. 1989)) (quoting *Franklin Inv. Co. v. Homburg*, 252 A.2d 95, 98 (D.C. 1969)).

The District of Columbia has a particularly high standard of proof before permitting the award of punitive damages. *Rogers*, 526 F. Supp. at 534. A plaintiff in the District of Columbia is only entitled to these damages if he or she can show that the defendant participated in the wrongful act or specifically ratified the conduct. Id. Additionally, whether punitive damages will lie depends exclusively on "the intent with which the wrong was done, and not on the extent of the actual damages." *Washington Medical Center, Inc.*, 573 A.2d at 1284 (citing *Robinson v. Sarisky*, 535 A.2d 901, 907 (D.C. 1988)). Thus, Plaintiffs herein must prove not only that *this* Defendant committed the tortuous act but also by "clear and convincing evidence that the act was accompanied by conduct and a state of mind evincing malice or its equivalent." *Daka, Inc. v. McCrae*, 839 A.2d 682, 695 (D.C. 2003) (quoting *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995)).

A theoretical or hypothetical showing of malice is not sufficient for a successful claim for punitive damages in the District of Columbia. *Croley v. Republican National Committee*, 759 A.2d 682, 695 (D.C. 2000) (citing *United Mine Workers of America, Int'l Union v. Moore*, 717 A.2d 332, 341 (D.C. 1998) (holding that to prove punitive damages, a "showing

193544-1

of evil motive or actual malice is... required"). This is because "punitive damages are appropriately reserved only for tortuous acts which are replete with malice." *Dalo v. Kivitz*, 596 A.2d 35, 40 (D.C. 1991) (quoting *Zanville v. Garza*, 561 A.2d 1000, 1002 (D.C. 1989)) (emphasis added).

Finally, the District of Columbia courts require that the elements justifying the punitive damages be firmly established for such damages to be awarded. See, e.g., *McNeil Pharmaceuticals v. Hawkins*, 686 A.2d 567, 570 (D.C. 1996) (quoting *Raynor v. Richardson-Merrell*, Inc., 643 F. Supp. 238, 245 (D.D.C. 1986). Without a clear showing of malice or willful misconduct, coupled with reasonableness and proportionality, District of Columbia courts have consistently ruled that claims for punitive damages must fail. See, e.g., *Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 (D.C. 1976).

As there are no specific allegations made against this Defendant in the Complaint, let alone any such allegations which arise to the requisite level needed for punitive damages, the Plaintiffs' punitive damages claim in the Complaint must be dismissed with prejudice.

## K.    FREEMONT'S MOTION TO DISMISS

To the extent applicable, and not in contradiction to *this* Defendant's argument, with respect to Section I of Defendant Freemont's Motion to Dismiss, i.e., Plaintiffs' release of claims, *this* Defendant incorporates by reference, as if fully set forth herein, Defendant Freemont's argument that Plaintiffs' claims were released pursuant to the Forbearance Agreement.

193544-1

WHEREFORE, Defendant CONSUMER FIRST TITLE, LLC, TRUSTEE requests that its Motion to Dismiss be granted and Plaintiffs' Complaint be dismissed with prejudice and that it be awarded its attorney fees and cost of this action and such other and further relief as the Court may deem just and proper.

Date: June 26, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

_____\s\ Craig L. Sarner_____
Joseph J. Bottiglieri, Esquire, Bar No. 11523
Craig L. Sarner, Esquire, Bar No. 25891
1233 20th Street, N.W., Suite 800
Washington, DC  20005
Telephone:  (202) 712-7000
Facsimile:  (202) 712-7100
***Counsel for Defendant CONSUMER FIRST TITLE, LLC, TRUSTEE***

193544-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via ECF and/or mailed, postage, prepaid, on this 26th day of June, 2008, to:

C. Michael Tarone, Esquire
Tarone & McLaughlin
900 17th Street, NW, Suite 1250
Washington, DC 20006
***Counsel for Plaintiffs***

Harold G. Belkowitz, Esquire
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, DC 20005-2110
***Counsel for Defendant Freemont Investment & Loan***

Mortgage Electronic Registration Systems, Inc.
c/o Mayor or Designee
1350 Pennsylvania Ave., NW
Washington, DC 20004
***Defendant***

Premier Mortgage Solutions Services, Inc.
c/o CT Corporation Systems, R.A.
1015 15th Street, NW
Washington, DC 20005
***Defendant***

Jeffrey Smith
13101 Bar Geefe Court
Upper Marlboro, MD 20774
***Defendant***

Frank Okebugwu
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
***Defendant***

Smith-Myers Corporation
c/o CT Corporation Systems, R.A.
1015 15th Street, NW
Washington, DC 20005
***Defendant***

193544-1

J.G. Enterprises, LLC
c/o R.A. or Managing Agent
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
*Defendant*

Shannon Ingram
954 Dunloring Court
Upper Marlboro, MD 20774
*Defendant*

Sheila V. Locke
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
*Defendant*


                              /s/ Craig L. Sarner
                              Craig L. Sarner

193544-1

## DEED OF APPOINTMENT OF SUBSTITUTE TRUSTEES

THIS DEED OF APPOINTMENT OF SUBSTITUTE TRUSTEES, made this _23_ day of _April_, _2008_, by Mortgage Electronic Registration Systems, Inc. as nominee for Fremont Investments & Loan, a _____ corporation, party of the first part, Grantor, and Edward S. Cohn, Stephen N. Goldberg, Richard E. Solomon, Richard J. Rogers, and Ronald S. Deutsch, any of whom may individually exercise all of the powers herein conveyed, party of the second part, Grantees, hereinafter referred to collectively as "Substitute Trustees". Each of the Substitute Trustees is licensed to practice law in the District of Columbia and a member in good standing in the District of Columbia Bar. The law office address for each Substitute Trustee is 600 Baltimore Avenue, Suite 208, Towson, MD 21204.

WHEREAS, on September 23, 2005, Monica Carroll, Robert Carroll, Annette Carroll executed a Deed of Trust, which is recorded in the Office of the Recorder of Deeds for the District of Columbia at Instrument Number 2005149938, and therein, granted and conveyed the property known as:

Address: 3328 17th Street, NW, Washington, DC,

in trust unto Consumer First Title, Trustee(s) to secure payment of a Deed of Trust and Note of even date; and said real estate more fully described as follows:

See attached Exhibit A

WHEREAS, said Deed of Trust provides that the holder and/or servicer of the Note shall have the power and authority to appoint substitute trustee(s) in the place and stead of the trustee(s) originally named therein; and

WHEREAS, the party of the first part is the owner and holder of the note secured by said Deed of Trust; and

WHEREFORE, in exchange for certain good and valuable consideration, the party of the first part by execution and delivery of this instrument, does hereby remove the original Trustee(s) designated in the aforesaid Deed of Trust and any successor(s) appointed prior to this date as Substitute Trustee(s), and in lieu thereof does hereby constitute and appoint Edward S. Cohn, Stephen N. Goldberg, Richard E. Solomon, Richard J. Rogers, and Ronald S. Deutsch as Substitute Trustees under the terms of the aforesaid Deed of Trust with all the rights, powers and duties conferred therein on the original Trustee(s); and further authorizes each Trustee to act independently of each other with respect to their duties as Trustees and to execute any and all documents on behalf of each other in furtherance of their duties as Trustees.

Now, in witness whereof, Mortgage Electronic Registration Systems, Inc. as nominee for Fremont Investments & Loan has caused these presents to be executed the day hereinabove first written by _Julie McComba_, _Vice President_, and as attorney-in-fact, who Mortgage Electronic Registration Systems, Inc. as nominee for Fremont Investments & Loan has appointed as the corporate officer with authority so to act for the purposes contained herein.

COHN, GOLDBERG &
DEUTSCH, LLC

ATTORNEYS AT LAW
600 BALTIMORE AVENUE
SUITE 208
TOWSON, MD 21204

410-296-2560

File #: 412541

LT4-5-2008050633-1

LT2-0-8-3

**EXHIBIT**

_A_

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ROBERT CARROLL, et al.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **C.A. No. 1:08-cv-00900** |
| | : | **Judge Henry H. Kennedy** |
| **FREEMONT INVESTMENT & LOAN,** | : | |
| et al. | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

UPON CONSIDERATION of Defendant Consumer First Title, LLC's Motion to

Dismiss Plaintiffs' Complaint, any Opposition thereto, and the record herein, it is by the

United States District Court for the District of Columbia this _____ day of

_____, 2008, hereby

ORDERED, that Defendant Consumer First Title, LLC's Motion to Dismiss is

GRANTED, and it is further

ORDERED that Plaintiffs' Complaint is hereby DISMISSED WITH PREJUDICE as

to Defendant Consumer First Title, LLC.

IT IS SO ORDERED.

_____
The Honorable Henry H. Kennedy, Judge
United States District Court for the
 District of Columbia

Copies to:

Joseph J. Bottiglieri, Esq., #418523
Craig L. Sarner, Esq., #447523
Bonner, Kiernan, Trebach & Crociata, LLP
1233- 20th Street, N.W. Suite 800
Washington, D.C. 20036
*Counsel for Defendant Consumer First Title, LLC*

C. Michael Tarone, Esquire
Tarone & McLaughlin
900 17th Street, NW, Suite 1250
Washington, DC 20006
*Counsel for Plaintiffs*

Harold G. Belkowitz, Esquire
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, DC 20005-2110
*Counsel for Defendant Freemont Investment & Loan*

Mortgage Electronic Registration Systems, Inc.
c/o Mayor or Designee
1350 Pennsylvania Ave., NW
Washington, DC 20004
*Defendant*

Premier Mortgage Solutions Services, Inc.
c/o CT Corporation Systems, R.A.
1015 15th Street, NW
Washington, DC 20005
*Defendant*

Jeffrey Smith
13101 Bar Geefe Court
Upper Marlboro, MD 20774
*Defendant*

Frank Okebugwu
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
*Defendant*

194560-1

Smith-Myers Corporation
c/o CT Corporation Systems, R.A.
1015 15th Street, NW
Washington, DC 20005
***Defendant***

J.G. Enterprises, LLC
c/o R.A. or Managing Agent
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
***Defendant***

Shannon Ingram
954 Dunloring Court
Upper Marlboro, MD 20774
***Defendant***

Sheila V. Locke
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
***Defendant***

_____/s/ Craig L. Sarner_____
Craig L. Sarner

194560-1