## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT CARROLL, et al.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **C.A. No. 1:08-cv-00900** |
| | : | **Judge Henry H. Kennedy** |
| **FREEMONT INVESTMENT & LOAN,** | : | |
| et al. | : | |
| | : | |
| **Defendants.** | : | |

### DEFENDANT CONSUMER FIRST TITLE, LLC, TRUSTEE'S
### ANSWER TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant CONSUMER FIRST TITLE, LLC, TRUSTEE (hereinafter, "Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and in answer to the Plaintiffs' Complaint, states as follows:

1.    Defendant denies that Plaintiffs were damaged in the manner and/or to the extent alleged in the Complaint.

2.    Plaintiffs have failed to state a claim upon which relief can be granted against Defendant for Count I (CPPA), Count II (Derivative/CPPA), Count III (Fraud), Count V (Breach of Fiduciary Duty), Count VI (Conspiracy), Count VII (Aiding and Abetting), Count VIII (Negligence), IX (Negligent Supervision and Count X (Gross Negligence), as well as all claims for compensatory damages, punitive damages, treble damages, statutory damages, attorneys fees and costs, as alleged in their Complaint.

3.    Defendant has no interest in the subject property and, therefore, Count IV (injunction) has been improperly pled against Defendant.

4.    Plaintiffs have failed to state a claim upon which relief can be granted for punitive damages and the allegations contained in Plaintiffs' Complaint do not rise to the requisite level to award punitive damages.

5.    Defendant has apparently been named in this matter solely in its capacity as the alleged trustee.  However, Plaintiff has failed to state a claim as to any such liability of the Defendant in regard to its capacity as the alleged trustee.

6.    Any allegation not specifically admitted is hereby denied.

## ANSWER

### FIRST DEFENSE

The Complaint fails to state a claim and/or cause of action upon which relief can be granted.

### SECOND DEFENSE

The allegations against Defendant may be beyond the applicable statute of limitations and/or barred by laches.  Therefore, Plaintiffs' Complaint must be dismissed with prejudice.

### THIRD DEFENSE

Defendant denies that it is liable to Plaintiffs for damages in any amount.

### FOURTH DEFENSE

Plaintiffs' claims may be barred by the economic loss rule, lack of privity and/or no duty exists.

### FIFTH DEFENSE

Defendant generally denies the Prayer for Relief as asserted in the Plaintiffs' Complaint, including but not limited to any attempt to recover compensatory damages, punitive damages, treble damages, statutory damages, costs and/or attorney fees.

193561-1

## SIXTH DEFENSE

In specific answers to the enumerated paragraphs of the Plaintiffs' Complaint and without waiving any defenses, including but not limited to Defendant's Motion to Dismiss, Defendant states as follows:

### Preliminary Statement

1.      Defendant admits that the closing on the transaction occurred on September 23, 2005. However, Defendant denies the remainder of the allegations contained in paragraph 1 of the Plaintiffs' Complaint and demands strict proof thereof.

### Jurisdiction and Venue

2.      The allegations contained in paragraphs 2, 3 and 4 of Plaintiffs' Complaint contain jurisdictional and/or venue-based conclusions and/or opinions which do not require a response thereto. However, to the extent that the court requires a response thereto, the allegations contained therein are denied and strict proof thereof is demanded.

3.      Defendant does not have sufficient information or knowledge with which to respond to the allegations contained in paragraphs 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

4.      Defendant admits that it is a Maryland LLC with its principal place of business located in Maryland. Defendant further admits that at the time of the closing it was named as the "trustee" in the subject Deed of Trust. However, the remainder of the allegations contained in paragraph 9 of Plaintiffs' Complaint contains legal conclusions and/or opinions which do not require a response thereto. However, to the extent that the court requires a response thereto, the allegations contained therein are denied and strict proof thereof is demanded.

**Factual Allegations**

5.      Defendant does not have sufficient information or knowledge with which to respond to the allegations contained in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 36, 40, 42, 44, 45, 46, 47, 48, 49, 50, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66 and 68 of Plaintiffs' Complaint and, therefore, denies same and demands strict proof thereof.

6.      In regard to the allegations contained in paragraphs 34, 38 and 39 of Plaintiffs' Complaint, Defendant refers Plaintiffs to the Settlement Statement (HUD-1), which speaks for itself and, therefore, no further response is deemed to be required.  However, to the extent that the court requires a further response, Defendant states that it denies any such allegations which are apposite to the figures shown in the Settlement Statement and, therefore, demands strict proof thereof.

7.      In regard to the allegations contained in paragraph 35 of Plaintiffs' Complaint, Defendant refers Plaintiffs to the Note and/or Deed of Trust, which speaks for itself and, therefore, no further response is deemed to be required.  However, to the extent that the court requires a further response, Defendant states that it denies any such allegations which are apposite to the figures shown in the Note and/or Deed of Trust and, therefore, demands strict proof thereof.

8.      Defendant admits that the subject closing occurred on September 23, 2005 at the offices of Defendant.  However, Defendant denies the remainder of the allegations contained in paragraph 37 of Plaintiffs' Complaint and demands strict proof thereof.

9.      The allegations contained in paragraphs 41, 43, 51, 52, 53, 67 and 69 of Plaintiffs' Complaint contain legal conclusions and/or opinions which do not require a response

193561-1

thereto. However, to the extent that the court requires a response thereto, the allegations contained therein are denied and strict proof thereof is demanded.

10.    Defendant denies the allegations contained in paragraph 70 Plaintiffs' Complaint and, therefore, demands strict proof thereof.

Without waiving the Motion to Dismiss, Defendant further states as follows:

## COUNT I – CPPA

11.    No response is deemed to be required to paragraphs 71 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 70 of Plaintiffs' Complaint.

12.    Notwithstanding the fact that the allegations contained in Count I do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraphs 72, 73, 74, 75, 76 and 81 of Plaintiffs' Complaint contain legal conclusions and/or opinions which do not require a response thereto. However, to the extent that the court requires a response thereto, the allegations contained therein are denied and strict proof thereof is demanded.

13.    Defendant denies the allegations contained in paragraphs 77, 78, 79, 80, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91 and 92 of Plaintiffs' Complaint and, therefore, demands strict proof thereof.

## COUNT II – DERIVATIVE LIABILITY - CPPA

14.    No response is deemed to be required to paragraphs 93 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 92 of Plaintiffs' Complaint.

15.    Notwithstanding the fact that the allegations contained in Count II do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraphs 94 and 95 of Plaintiffs' Complaint contain legal conclusions and/or opinions which do not require a response thereto. However, to the extent that the court requires a response thereto, the allegations contained therein are denied and strict proof thereof is demanded.

16.    Defendant denies the allegations contained in paragraphs 96 of Plaintiffs' Complaint and, therefore, demands strict proof thereof.

## COUNT III- COMMON LAW FRAUD

17.    No response is deemed to be required to paragraphs 97 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 96 of Plaintiffs' Complaint.

18.    Notwithstanding the fact that the allegations contained in Count III do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraphs 98 and 99 (1st) and 99 (2nd) of Plaintiffs' Complaint are denied and, therefore, demands strict proof thereof.

## COUNT IV- PERMANENT INJUNCTION

19.    No response is deemed to be required to paragraphs 100 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 99 of Plaintiffs' Complaint.

20.    Notwithstanding the fact that the allegations contained in Count IV do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraphs 101, 102 and 103 of Plaintiffs' Complaint contain legal

conclusions and/or opinions which do not require a response thereto. However, to the extent that the court requires a response thereto, the allegations contained therein are denied and strict proof thereof is demanded.

## COUNT V- BREACH OF FIDUCIARY DUTY

21.    No response is deemed to be required to paragraphs 104 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 103 of Plaintiffs' Complaint.

22.    Notwithstanding the fact that the allegations contained in Count V do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraph 105 of Plaintiffs' Complaint contain legal conclusions and/or opinions which do not require a response thereto. However, to the extent that the court requires a response thereto, the allegations contained therein are denied and strict proof thereof is demanded.

23.    Defendant denies the allegations contained in paragraphs 106 and 107 of Plaintiffs' Complaint and, therefore, demands strict proof thereof.

## COUNT VI – CONSPIRACY TO VIOLATE

24.    No response is deemed to be required to paragraphs 108 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 107 of Plaintiffs' Complaint.

25.    Notwithstanding the fact that the allegations contained in Count VI do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraphs 109, 110 and 111 are denied and, therefore, demands strict proof thereof.

## COUNT VII – AIDING AND ABETTING VIOLATION

26.    No response is deemed to be required to paragraphs 112 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 111 of Plaintiffs' Complaint.

27.    Notwithstanding the fact that the allegations contained in Count VII do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraphs 113, 114 and 115 are denied and, therefore, demands strict proof thereof.

## COUNT VIII – NEGLIGENCE

28.    No response is deemed to be required to paragraphs 116 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 115 of Plaintiffs' Complaint.

29.    Notwithstanding the fact that the allegations contained in Count VIII do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraphs 117 are denied and, therefore, demands strict proof thereof.

## COUNT IX – NEGLIGENT SUPERVISION

30.    No response is deemed to be required to paragraphs 118 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 117 of Plaintiffs' Complaint.

31.    Notwithstanding the fact that the allegations contained in Count IX do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the

allegations contained in paragraphs 119 and 120 are denied and, therefore, demands strict proof thereof.

## COUNT X – GROSS NEGLIGENCE

32.    No response is deemed to be required to paragraphs 121 of Plaintiffs' Complaint other than incorporating by reference, as if fully set forth herein, the above-responses to paragraph 1 through 120 of Plaintiffs' Complaint.

33.    Notwithstanding the fact that the allegations contained in Count IX do not appear to be alleged against this Defendant, out of an abundance of caution, Defendant responds that the allegations contained in paragraphs 122 and 123 are denied and, therefore, demands strict proof thereof.

34.    The allegations contained in the WHEREFORE clause, paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 10 of Plaintiffs' Complaint, although not apparently directed at this Defendant, out of an abundance of caution, Defendant responds by denying all such allegations and demanding strict proof thereof.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred, in whole or in part, by their failure to exercise due care, which was the proximate cause of all or part of their alleged injuries and damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs failed to take due and appropriate care in the mitigation of their alleged injuries and their recovery from Defendant is therefore barred in whole or in part.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages were directly and proximately caused and/or contributed by their own acts and conduct (contributory negligence), which intervened between Defendant's alleged acts and conduct and Plaintiffs' alleged damages, thereby barring Plaintiffs from any recovery from Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs alleged injuries and damages may have been directly and proximately caused by the acts and conduct of other parties and/or third parties, which intervened between Defendant's alleged acts and conduct and Plaintiffs' alleged damages, thereby barring Plaintiffs from any recovery from Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages are not causally related to the events alleged in their Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, statute of fraud and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the economic loss rule, lack of privity, lack of subject matter jurisdiction and/or lack of duty.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk of their injuries (assumption of the risk), thus barring their recovery from Defendant.

193561-1

**TENTH AFFIRMATIVE DEFENSE**

Defendant further pleads the defenses of accord and satisfaction, collateral estoppel, misjoinder, nonjoinder, equitable estoppel, estoppel, set-off, adverse possession, release, misrepresentation, payment, lack of malice, immunity, no trustee liability, res judicata, unclean hands, truth, exemption, forfeiture, waiver, reasonable justification, reasonable reliance and privilege.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any allegation that is not specifically admitted is hereby denied.

**TWELTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert other affirmative defenses and/or to amend its Answer as discovery in this case discloses a basis therefore.

WHEREFORE, Defendant CONSUMER FIRST TITLE, LLC requests that the Plaintiffs' Complaint be dismissed with prejudice and that it be awarded its cost of this action and such other and further relief as the Court may deem just and proper.

Date: June 26, 2008.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

_____\s\ Craig L. Sarner_____
Joseph J. Bottiglieri, Esquire, Bar No. 418523
Craig L. Sarner, Esquire, Bar No. 447523
1233 20th Street, N.W., Suite 800
Washington, DC 20005
Telephone: (202) 712-7000
Facsimile: (202) 712-7100
*Counsel for Defendant CONSUMER FIRST TITLE, LLC*

193561-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via ECF and/or mailed, postage, prepaid, on this 26th day of June, 2008, to:

C. Michael Tarone, Esquire
Tarone & McLaughlin
900 17th Street, NW, Suite 1250
Washington, DC 20006
*Counsel for Plaintiffs*

Harold G. Belkowitz, Esquire
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, DC 20005-2110
*Counsel for Defendant Freemont Investment & Loan*

Mortgage Electronic Registration Systems, Inc.
c/o Mayor or Designee
1350 Pennsylvania Ave., NW
Washington, DC 20004
*Defendant*

Premier Mortgage Solutions Services, Inc.
c/o CT Corporation Systems, R.A.
1015 15th Street, NW
Washington, DC 20005
*Defendant*

Jeffrey Smith
13101 Bar Geefe Court
Upper Marlboro, MD 20774
*Defendant*

Frank Okebugwu
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
*Defendant*

Smith-Myers Corporation
c/o CT Corporation Systems, R.A.
1015 15th Street, NW
Washington, DC 20005
*Defendant*

193561-1

J.G. Enterprises, LLC
c/o R.A. or Managing Agent
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
*Defendant*

Shannon Ingram
954 Dunloring Court
Upper Marlboro, MD 20774
*Defendant*

Sheila V. Locke
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774
*Defendant*

_____/s/ Craig L. Sarner_____
Craig L. Sarner

193561-1