UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Carroll, *et al.*,          ) | Civil Act. No. : 1:08-cv-00900 (HHK) |
|          Plaintiffs,   ) | |
|              ) | |
|        v.          ) | |
|              ) | |
| Freemont Investment & Loan , *et al*,   ) | |
|              ) | |
|        Defendants.   ) | |
|              ) | |

## OPPOSITION TO MOTION TO DISMISS

Plaintiffs hereby file this opposition to four pending motions to dismiss filed by the following Defendants: (1) Fremont Investment & Loan (Dkt. #4 ), under Rule 9(b) and 12(b)(6); (2) Jeffrey Smith (Dkt. # 14), under Rule 12(b)(6); (3) Shannon Ingram (Dkt. #16 ) under Rule 12(b)(6); (4) Frank Okebugwu (Dkt. 19, under Rule 9(b) and 12(b)(6) (2). With respect to the fifth motion to dismiss, which was filed by Consumer First Title (Dkt. #8), Plaintiffs seek to dismiss it under a motion to dismiss without prejudice consented to by Plaintiffs and Consumer Title to be filed tomorrow.

In connection with the four motions to dismiss, Plaintiffs cross-move to strike the motions to dismiss of Smith, Ingram, Okebugwu for the reasons stated below and reserve the right to file a motion seeking appropriate relief with regard to the Fremont motion. To perfect the cross-motions, Plaintiffs will within days promptly file separate motions to strike and to seek

appropriate relief regarding the Fremont motion – Plaintiffs reserve all rights with respect thereto. Joint action is apparent.

The motions to dismiss should be denied. Of note, Ingram, Smith and Okebugwu, who decry any notion of a conspiracy, have each copied the style and textual references of each other and borrowed arguments of others to advance their arguments.

Plaintiffs make out powerful claims backed by factual details and evidence that must be deemed true at this stage, showing Fremont to have actively engaged in unlawful acts in the District of Columbia, through its functionaries and agent Defendants, through practices known as predatory lending. The public outcry against these practices and the untold harm such practices have caused have become everyday news stories. Fremont's practices have taken an enormous toll on the DC family the Carrolls, stripping their home of its worth and placing Robert Carroll, well into his seventies, and Monica Carroll, on the doorstep of being homeless. Fremont itself is on the verge of bankruptcy, following in the wake of other predatory lenders.

Fremont advances a ludicrous argument in the motion – that the Carrolls entered into a written agreement to compromise their claims and not bring this lawsuit. That assertion is utterly false. The evidence advanced to demonstrate the purported agreement is untrue. The assertions themselves are not evidence under the Federal Rules. The assertions are not well placed and the assertions are not made under oath. The Fremont assertions are not properly of record under Rule 12(b)(6).

Fremont unabashedly makes assertions of a binding agreement to not bring a lawsuit. That assertions plainly does not hold water. Fremont seeks to fast track a dismissal under Rule 12(b)(6) when not such route can be taken and certainly not on the record the Carrolls have.

There was no agreement to forebear, which the Fremont corporate officials must certainly know and apparently have not shared with counsel. Fremont should certainly have specific knowledge of just what it gave in exchange for the so-called Forebearnce. But Fremont has not stated what it gave in return.  We submit that Fremont has not done so because Fremont gave nothing. The monthly house payments remained the same and Fremont has knowledge of the amounts invoiced each month from the date of its alleged forbearance.  Fremont has not shared that information on this record and instead has tendered an exhibit that is unsigned under a claim that the Carrolls agreed to it – this is the subprime lender Fremont.

## Legal Standard Under Rule 12(b)(6)

Plaintiffs' factual allegations and mixed questions of law and fact must be deemed true for purposes of ruling on a motion to dismiss under Rule 12(b)(6). All reasonable inferences from those facts and from mixed questions of law and fact are to be drawn in favor of Plaintiffs. Under Rule 8, pleadings in a complaint need only set forth a short and plain statement of Plaintiffs' claims, and provide Defendants with fair notice of the claims and the grounds on which it rests.  *See Kingman Park Civic Association v. Williams*, 349 F.3d 1033, 1040 (D.C. Cir. 2003). This pleading requirement anticipates liberal discovery procedures under the Federal Rules of Civil Procedure and through that process, opportunity to narrow and define issues and obtain facts. Plaintiffs are not obligated to plead all elements of a *prima facie* case at the initial

pleading stage – the Complaint cannot be judged on that basis. *See Swierkiewicz v. Sonoma, NA*, 534 U.S. 506, 511-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

Plaintiffs have met the requirements of pleading sufficient facts under the dictates of *Bell Atlantic Corp. v. Twombly*, 127 U.S. 1955, 1964-65, 127 S. Ct. 1955, 1969 167 L. Ed. 2d 929 (2007) Plaintiffs's factual allegations establish their right to relief that is above the mere suspicion level – it is a well pleaded complaint. The Complaint gives Defendants fair notice of the claims and those claims are plausible. In a conspiracy context, parallel conduct is enough. Plaintiffs have demonstrated heft to their claims and not just mere possibility.

**Argument**

I.    **Defendant Fremont: Motion To Dismiss Under Rule 12(b)(6) and 9(b)**

    A.    Fremont's Motion to Dismiss Under Rule 12(b)(6) Based on Purported
        Agreement of  Settlement and Forbearance Are  Without Merit

Fremont dominates its motion with the argument that its Exhibit C is a valid Forebearnce Agreement. (Fremont. Mem. at 5-7) This assertion is utterly without merit and the document that Fremont purports to be an agreement on its face shows it is not and upon discovery will be shown to be an utterly merit less claim.

Fremont proffers a purported settlement agreement. Exhibit C is not one document but two. The first documents shows signatures under the names of Plaintiffs. The second document is numbered pages 2, 3 and 4.

The second document does not show a signature for the Carrolls and it does not show initials for the Carrolls. It only shows the signature of a Fremont functionary.

Fremont makes the proffer that is not admissible evidence with the inference that the first document absorbs the second document. Fremont fails to account for the dates being widely different and it fails to provide an integrated agreement. The reason is that there was never such an agreement – as Fremont well knows.

Not only are the documents at Exhibit C misleadingly shown to be just one integrated document but Fremont fails to provide Rule 56 sworn testimony authenticating these purported legal instruments. The documents are hearsay evidence, yet Fremont fails to accompany them with sworn statements. And based on Exhibit C, Fremont is telling the court that it should throw the Carroll case out. There is no evidentiary basis for doing so, as Fremont must know. If Fremont seeks to set up an affirmative defense of settlement and accord, proof is required and the Federal Rules of Evidence must be satisfied.

The purported Forebearnce Agreement was not attached to the Complaint. It is not record evidence. By Fremont introducing these two documents as one is wrong but in any event, an agreement between private parties on a motion to dismiss, cannot be so introduced; it improperly seeks an evidentiary ruling at this stage that the Carrolls agreed to not file suit. It may not introduce these documents because it is not permitted by Rule 12(b)(6).

Fremont's attempt to put these documents on the record converts its Rule 12(b)(6) motion to a Rule 56(c) motion for summary judgment. Conversion of the motion to Rule 56(c) requires Fremont's compliance with Local Rule 7(h). This local rule mandates that a motion for summary judgment be accompanied by a conforming statement of material fact not in dispute. Fremont did not file a statement of material fact and it did not move under Rule 56(c).

The evidence will show specifically that the Carrolls never agreed to a forbearance. Even the one document at Exhibit C that shows signatures (and that consists of but one page) also shows the following terms struck: "Borrower acknowledges that Default and the Debt and further acknowledges Borrower has no defense or legal objection to the Note, the Mortgage, the Loan, the Default or the Debt."

On the basis of the record, and the above, Plaintiffs will seek appropriate relief.

B.    Plaintiffs Reject Fremont's Assertion of Three Actions Against Fremont

Fremont, we respectfully assert, incorrectly alleges that the Carrolls sued it three times. That is inaccurate. This is the second lawsuit against Fremont. The first action was  Case No. 06-cv-01641, which was *Carroll v. Fremont,* and it was voluntarily dismissed without prejudice. The second lawsuit is the above captioned action that is now before the court. Case No. 09-cv-.00900.

Fremont refers to a third lawsuit, Case No. 07-cv-00018. That action is *Carroll v. Anyloan* and it does not name Fremont as Defendant.

C.    Fremont's Claim That Plaintiffs Fail to Allege a Claim under the D.C. Consumer Protection Act must Be Denied.

Plaintiffs assert recognized claims for violation of the D.C. Consumer Protection Act (CPA) against Fremont and the individual Defendants named in the Complaint under decisions of this federal court and the D.C. Court of Appeals.

The Fremont subprime loan to the Carrolls is a covered transaction under the CPA. Real estate mortgage finance transactions are covered by D.C. Code § 28-3904(r). And specifically a consumer can bring an action for damages based on an unconscionable loan. A plaintiff can

bring an action under the CPA in federal court under its diversity jurisdiction. Fremont

incorrectly asserts that unless a material misrepresentation is alleged, there is no claim under the

CPA.

But Plaintiffs allege that Fremont engaged in deceptive trade practices. Plaintiffs allege

that Fremont violated the unconscionability provisions of the CPA, as the Complaint asserts at ¶

72.  The Carrolls allege that the loan violated the unconscionability provisions of the CPA. It

engaged in unlawful trade practice and sought to enforce the unlawful loan having

unconscionable terms (it sought to foreclose on the property). *See Ford v. Chartone, Inc.*, 908

A.2d 72, 78 (D.C. 2006) *See also, Johnson v. Long Beach Mortgage Loan Trust*, 415 F. Supp.2d

16, 35-39 (D.D.C. 2006) Defendants took advantage of The Carrolls, as the Complaint explains,

which results in a violation in these circumstances. *See Jackson ex rel.  Smith v. Byrd*, 2004 WL

3130653.

Count I sets alleges violations with specificity. (See Compl. ¶¶71-92) Plaintiffs

specifically incorporate herein by reference Compl. ¶¶71-92.

The CPA, like the D.C. Human Rights Act, imposes individual liability on individuals,

such as the named individual Defendants. Without facilitators like Okebugwu, Smith and

Ingram, a predatory loan like the Fremont subprime loan of September 2005 would not have

been possible. The individual broker-Defendants are Okebugwu and Smith. The appraiser-

Defendant is Ingram. Each of these Defendants had a role and it is explained with sufficient

particularity in the Complaint to satisfy Rule 12(b)(6).

    B.    <u>Fremont's Motion to Dismiss Count III Under Rule 9(b) Must Be Denied</u>

Plaintiffs allege with particularity and attach exhibits that show that their income was fraudulently represented and fraudulently relied upon in approving a mortgage Fremont knew the Carrolls could not afford. Count III assert that Fremont knowingly and intentionally represented and failed to make disclosure of material facts and fraudulently stated his income (Compl. 98 and 99). Plaintiffs allege in addition that these acts were done with evil motive and malice, justifying imposition of punitive damages. (Compl. 99 [sic][second ¶99] should derivative liability against Fremont

Plaintiffs assert in great detail in Compl. ¶¶ 5 to 99 events relating to Fremont's fraud, violation of the CPA and DC common law, attaching to the Complaint 16 exhibits, several of which demonstrate express fraud. Fremont's practices in making subprime loans has attracted lawsuits for abusive lending tactics, such as the brutal deprivations Fremont caused the Carrolls who have been on the brink of losing their home for months due to their inability to pay a mortgage Fremont and other Defendants they could not afford out of the gates – the day it was made. Plaintiffs provided verification of their income (Compl. 29) which Fremont and other defendants knowingly misrepresented and caused the loan to be made despite its unconscionability. Their income is shown in detail. (Compl. 48)

Mortgage broker Defendants facilitated and caused the fraud and reaped substantial profits from doing so. (Compl. 51-53) Appraiser Ingram played an essential role, causing a valuation that was false but necessary window dressing to a loan underwriting system that insured profits to Fremont and lucrative fees to the mortgage brokers. (See Compl 54-06)

Fremont colluded and conspired with the broker Defendants. (See Compl. 57-50) To make it possible, Ingram falsely represented the value and condition of the property. (Compl. 61-63, making the fictitious loan to value ratio possible. (See Compl. 63)

Together their system was profits at the expense of the borrower, stripping equity from the home, charging high closing costs and putting the Carroll family on the verge of eviction. (Compl. 64-67). Monica and Robert Carroll are D.C. citizens who have been subjected to extreme deprivation of rights, as the Complaint alleges. (See Compl. 68-70)

D.    Fremont's Motion to Dismiss Count I and III for Failure to Satisfy Rule 9(b) must <u>Be Denied</u>

Fremont argues that Counts I and III do not satisfy Rule 9(b). Defendants means just that – all Defendants. The "Wherefore" clause differentiates Defendants where needed. Count IV in the "Wherefore" clause singles out Fremont and its designees on the basis of the threatened foreclosure, which Fremont could seek at any time. This lawsuit is not a bar to foreclosure. The relief is not asserted against the other Defendants, which is clear.

Plaintiffs attached documents to the Complaint that demonstrate fraud. Plaintiffs are entitled to reasonable inferences from its factual allegations and those documents. Plaintiffs show (and are entitled to presumption that these facts are true) that their income was grossly distorted by Defendants despite the income verifications, that daily living expenses could not be met and also pay a monthly mortgage of more than $2,700. The fraud is specifically shown. There can be no mistake about the allegations and the standard of Rule 9(b) has been met.

Fremont's admonitions that Plaintiffs have not identified the specific wrongdoers inside Fremont are not required by the rule. We are at the pleading stage. There has been no discovery.

E.     Fremont's Motion to Dismiss Count II Under Derivative Liability Must be
       <u>Denied</u>

Count II asserting derivative liability is a viable under the CPA. *See Johnson v. Long*

*Beach Mortgage Loan Trust*, 451 F. Supp.2d 16, 55 (D.D.C. 2006). Fremont's arguments

(Fremont Mem. at 10) must be denied.

F.     Fremont's Motion to Declare the Motion for Injunctive Relief as Moot must Be
       <u>Denied</u>

Fremont's argument must be rejected. Count IV asserts a valid claim for relief. Fremont

is not barred from seeking foreclosure and it is not barred from assigning the Carroll mortgage

and the assignee seeking foreclosure. Plaintiffs seek a permanent injunctive to bar the

enforcement of rights under the unlawful loan agreements.

G.     <u>Fremont's Motion to Dismiss the Common Law Tort Claims Must Be Denied</u>

Fremont used the Broker-Defendants. The nature of the brokerage agreement and the true

relationship between these interests is not known. The nature and extent of the premiums paid

the Broker-Defendants to place loans with Fremont is not known. Under the facts as alleged, a

fiduciary duty existed between Fremont and the Carrolls, between the Broker-Defendants and

the Carrolls and by extension under common law, by reason of agency, it extended to Ingram. At

this stage the claims may not be dismissed.

H.     <u>Fremont's Motion to Dismiss the Conspiracy Claims must Be Denied</u>

Plaintiffs do not allege conspiracy under Count VI as a cause of action but only as a

means of attaching liability to each of the co-conspirators. It is asserted to impose joint and several liability on the co-conspirators.  There is no separate cause of action for civil conspiracy under D.C. common law and Plaintiffs do not attempt to assert one.

    I.    <u>Fremont's Motion to Dismiss the Negligent Supervision Claims must Be Denied</u>

Plaintiffs' "Wherefore" clause seeks damages in Count IX for negligence (and Count X for gross negligence) against Fremont, Premier Mortgage, Smith who is a principal of the mortgage company and Smith's enterprises for failure to supervise Okebugwu and Lock. Those are valid claims under the alleged facts, involving Okebugwu as the loan officer.

    J.    Fremont's Motion to Dismiss Grossly Negligent Supervision Claims must Be <u>Denied</u>

Plaintiffs' "Wherefore" clause seeks damages in Count X for gross negligence against Fremont, Premier Mortgage, Smith who is a principal of the mortgage company and Smith's enterprises for failure to supervise Okebugwu and Lock. Those are valid claims under the alleged facts, involving Okebugwu as the loan officer.

## II.   Defendant Okebugwu: Motion To Dismiss Under Rule 12(b)(6) and 9(b)

Defendants Okebugwu, who is *pro se*, engages in practices not permitted on a Rule 12(b0)(6) motion. Defendant purports to proffer several pages of facts not properly of record on a Rule 12(b)(6) motion, and these assertions have no evidentiary value because, among other things, they are not sworn.

Defendant purports to proffer hearsay evidence in the form of documents attached to the motion, which is improper under Rule 12(b)(6), because they are outside the record. By doing so, however, Defendant also converts the motion to dismiss to a motion for summary judgment.

The converted motion, however, fails to comply with the Local Rule 7(h), requiring a statement of material fact not in dispute to accompany any motion for summary judgment. For those reasons, the motion to dismiss is itself subject to a motion by Plaintiffs to strike for failure to comply with the Local Rules and Plaintiffs so cross-move and reserve the right to file a separate motion to strike.

Defendant seeks to incorporate by reference in the motions to dismiss the motions to dismiss of other Defendants. In so doing, however, Defendant seeks to bootstrap from improper motions to dismiss of other Defendants. Defendant seeks to include in the motion the improperly proffered assertions of the other identified Defendants, including assertions of fact that are not record evidence under Rule 12(b)(6) and failure to comply with Local Rule 7(h). For those reasons, all references by Okebugwu to the motions of other Defendants  must be rejected.

## III        Defendant Ingram: Motion To Dismiss Under Rule 12(b)(6) and 9(b)

Defendants Ingram, who is *pro se*, engages in practices not permitted on a Rule 12(b0(6) motion. Defendant purports to proffer several pages of facts not properly of record on a Rule 12(b)(6) motion, and these assertions have no evidentiary value because, among other things, they are not sworn.

Defendant purports to proffer hearsay evidence in the form of documents attached to the motion, which is improper under Rule 12(b)(6), because they are outside the record. By doing so, however, Defendant also converts the motion to dismiss to a motion for summary judgment. The converted motion, however, fails to comply with the Local Rule 7(h), requiring a statement of material fact not in dispute to accompany any motion for summary judgment. For those

reasons, the motion to dismiss is itself subject to a motion by Plaintiffs to strike for failure to comply with the Local Rules and Plaintiffs so cross-move and reserve the right to file a separate motion to strike.

Defendant seeks to incorporate by reference in the motions to dismiss the motions to dismiss of other Defendants. In so doing, however, Defendant seeks to bootstrap from improper motions to dismiss of other Defendants. Defendant seeks to include in the motion the improperly proffered assertions of the other identified Defendants, including assertions of fact that are not record evidence under Rule 12(b)(6) and failure to comply with Local Rule 7(h). For those reasons, all references by Ingram to the motions of other Defendants must be rejected.

**IV..     Defendant Smith: Motion To Dismiss Under Rule 12(b)(6) and 9(b)**

Defendants Smith, who is *pro se*, engages in practices not permitted on a Rule 12(b0(6) motion. Defendant purports to proffer several pages of facts not properly of record on a Rule 12(b)(6) motion, and these assertions have no evidentiary value because, among other things, they are not sworn.

Defendant purports to proffer hearsay evidence in the form of documents attached to the motion, which is improper under Rule 12(b)(6), because they are outside the record. By doing so, however, Defendant also converts the motion to dismiss to a motion for summary judgment. The converted motion, however, fails to comply with the Local Rule 7(h), requiring a statement of material fact not in dispute to accompany any motion for summary judgment. For those reasons, the motion to dismiss is itself subject to a motion by Plaintiffs to strike for failure to

comply with the Local Rules and Plaintiffs so cross-move and reserve the right to file a separate motion to strike.

Defendant seeks to incorporate by reference in the motions to dismiss the motions to dismiss of other Defendants. In so doing, however, Defendant seeks to bootstrap from improper motions to dismiss of other Defendants. Defendant seeks to include in the motion the improperly proffered assertions of the other identified Defendants, including assertions of fact that are not record evidence under Rule 12(b)(6) and failure to comply with Local Rule 7(h). For those reasons, all references by Smith to the motions of other Defendants must be rejected.

**V.**     **Defendant Consumer First: Motion To Dismiss Under Rule 12(b)(6) and 9(b)**

This Defendants has consented to a motion filed today under an agreement to do so. [1] Having said that, Plaintiffs reserve the right to move to strike the motion for the same reasons stated above regarding the other motions in order to preserve the record on the pending motions.

Respectfully submitted,

Dated: August 4, 2008                _____/s/_____
                                      C. Michael Tarone, Esquire
                                      Tarone & McLaughlin
                                      1010 Vermont Avenue, NW
                                      Suite 810
                                      Washington, DC.  20005\

                                      Tel. 202-347-9526
                                      Fax 202-783-9103

                                      E-mail "cmtarone@bcounsel.com

---

[1] Plaintiffs preserve their objections and right to argue in opposition to this motion based on the applicable law and local rules.

Counsel for Plaintiffs

ROBERT CARROLL
MONICA CARROLL

<u>Certificate of Service</u>

     I, C. Michael Tarone, hereby certify that on August 4, 2008, I served a copy of the foregoing on parties herein electronically  as follows:

          Consumer First Title, LLC

               <u>Serve</u>
               Craig L. Sarner
               Bonner Kiernan Treback & Crociata
               1233 20th Street, NW, Suite 800
               Washington, DC 20036


          Frank Okebugwu

               <u>Serve</u>
               Frank Okebugwu
               c/o Smith-Myers Corporation
               9200 Basil Court, Suite 100
               Upper Marlboro, MD 20774

          Premier Mortgage Solutions Services, Inc.

               <u>Serve</u>
               Jeffrey Smith
               c/o Smith-Myers Corporation
               9200 Basil Court, Suite 100
               Upper Marlboro, MD 20774

          Smith-Myers Corporation

               <u>Serve</u>
               Jeffrey Smith
               c/o Smith-Myers Corporation
               9200 Basil Court, Suite 100
               Upper Marlboro, MD 20774

          JG Enterprises, LLC

               <u>Serve</u>

Jeffrey Smith
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD 20774

Jeffrey Smith

> Serve
> Jeffrey Smith
> c/o Smith-Myers Corporation
> 9200 Basil Court, Suite 100
> Upper Marlboro, MD 20774

Fremont Investment & Loan

> Serve:
> Harold G. Belkowitz, Esquire
> Ober Kaler Grimes & Shriver
> 1401 H Street, NW, Suite 500
> Washington, DC 209005

Mortgage Electronic Registration, Inc.

> Serve [not served at this time]

Shannon Ingram

> Serve [not served at this time]

JMJ Appraisal Services, LLC

> Serve [not served at this time]

_____/s/_____
C. Michael Tarone

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Robert Carroll, *et al.*,            ) | |
|           ) | Civil Act. No. : 1:08-cv-00900 (HHK) |
|          Plaintiffs,    ) | |
|           ) | |
|       v.        ) | |
|           ) | |
| Freemont Investment & Loan , *et al*,    ) | |
|           ) | |
|       Defendants.    ) | |
|           ) | |

ORDER

UPON CONSIDERATION of the Motions to Dismiss of Defendants, the opposition

thereto and the entire record herein, it is this ___ day of August 2008

ORDERED that the motions are denied.

_____

Henry H. Kennedy
District Court Judge

Copies to: See next page

Consumer First Title, LLC

> <u>Serve</u>
> Craig L. Sarner
> Bonner Kiernan Treback & Crociata
> 1233 20th Street, NW, Suite 800
> Washington, DC 20036

Frank Okebugwu

> <u>Serve</u>
> Frank Okebugwu
> c/o Smith-Myers Corporation
> Upper Marlboro, MD 20774

JG Enterprises, LLC

> <u>Serve</u>
> Jeffrey Smith
> c/o Smith-Myers Corporation
> 9200 Basil Court, Suite 100
> Upper Marlboro, MD 20774

Jeffrey Smith

> <u>Serve</u>
> Jeffrey Smith
> c/o Smith-Myers Corporation
> 9200 Basil Court, Suite 100
> Upper Marlboro, MD 20774

Fremont Investment & Loan

> <u>Serve</u>:
> Harold G. Belkowitz, Esquire
> Ober Kaler Grimes & Shriver
> 1401 H Street, NW, Suite 500
> Washington, DC 209005

<u>Certificate of Service</u>

I, C. Michael Tarone, hereby certify that on July 1, 2008, I served a copy of the foregoing on parties of record having filed herein as follows:

Consumer First Title, LLC

<u>Serve</u>

Craig L. Sarner

Bonner Kiernan Treback & Crociata

1233 20th Street, NW, Suite 800

Washington, DC 20036

Frank Okebugwu

<u>Serve</u>

Frank Okebugwu

c/o Smith-Myers Corporation

9200 Basil Court, Suite 100

Upper Marlboro, MD 20774

Premier Mortgage Solutions Services, Inc.

<u>Serve</u>

Jeffrey Smith

c/o Smith-Myers Corporation

9200 Basil Court, Suite 100

Upper Marlboro, MD 20774

Smith-Myers Corporation

<u>Serve</u>

Jeffrey Smith

c/o Smith-Myers Corporation

9200 Basil Court, Suite 100

Upper Marlboro, MD 20774

JG Enterprises, LLC

<u>Serve</u>

Jeffrey Smith

c/o Smith-Myers Corporation

9200 Basil Court, Suite 100

Upper Marlboro, MD 20774

Jeffrey Smith

Serve

Jeffrey Smith

c/o Smith-Myers Corporation

9200 Basil Court, Suite 100

Upper Marlboro, MD 20774

Fremont Investment & Loan

Serve:

Harold G. Belkowitz, Esquire

Ober Kaler Grimes & Shriver

1401 H Street, NW, Suite 500

Washington, DC 209005

Mortgage Electronic Registration, Inc.

Serve [not served at this time]

Shannon Ingram

Serve [not served at this time]


JMJ Appraisal Services, LLC


Serve [not served at this time]


_____/s/_____

C. Michael Tarone