## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT CARROLL, *et al.*,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:08-cv-00900 HHK** |
| ) | |
| **FREMONT INVESTMENT** ) | |
| **& LOAN, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |

### REPLY IN SUPPORT OF
### FREMONT REORGANIZING CORPORATION
### f/k/a FREMONT INVESTMENT & LOAN'S
### MOTION TO DISMISS

Fremont Reorganizing Corporation f/k/a Fremont Investment & Loan[1] ("Fremont"), by counsel, for its reply in support of its Motion to Dismiss states as follows:

I.    Fremont alternatively moves that the Court enforce the settlement agreement or enter summary judgment in its favor based upon the prior settlement.

The Carrolls object to the Court dismissing the Complaint based upon the Forbearance Agreement because the document is beyond the pleadings and is not a public document of which the Court may take judicial notice. Fremont asks that the Court construe Part One of its Motion to Dismiss as motion to enforce a settlement or, alternatively, for summary judgment.

---

1    Fremont Investment & Loan changed its name to Fremont Reorganizing Corporation effective August 1, 2008.

A.    <u>Motion to Enforce Settlement.</u>

The Carrolls and Fremont were parties to a prior litigation before this Court, Case No. 06cv01641-HHK.[2]  While that case was pending, the parties entered into the Forbearance Agreement at issue.  The Carrolls, thereafter, dismissed the Complaint.

"The District of Columbia partakes of the general view that [settlement agreements] voluntarily entered into cannot be repudiated by either party and will be enforced summarily by the court."  *Schneider v. Dumbarton Developers*, 767 F.2d 1007, 1015 (D.C. Cir. 1985).  To the extent the Court construes Part One as a motion to enforce settlement, the legal argument previously presented remains unchanged.  For brevity, that argument is not repeated, but is incorporated herein.

The Carrolls argue that the Forbearance Agreement actually represents two different documents – one consisting of page one; the other consisting of pages two through four.  They do not dispute their signature on page one.  The Carrolls contend in their Response, though, that pages two through four were not part of the Forbearance Agreement.  The Carrolls' argument is not supported by the document's plain meaning.  The first page simply states a series of acknowledgements.  The final acknowledgment states:  "In consideration of the mutual benefits of this agreement, Borrower and Lender agree as follows:"  Def. Mem. at Exhibit C.[3]  The plain language makes clear that specific agreements will follow on the next page.  Moreover, the first page states that it is page "1 of 4."  Pages "2 of 4," "3 of 4," and "4 of 4" follow.  The fact that the Plaintiffs

---

2    The Carrolls dispute that they filed three lawsuits against Fremont.  As noted in the pleadings attached as exhibits to the Motion, the Carrolls named Fremont in three different lawsuits they filed in the United States District Court for the District of Columbia, Case No. 1:06cv01641-HHK, Case No. 07-cv-00018-HHK, and the present action.  Notwithstanding Plaintiffs' protestations, the record speaks for itself.
3    Exhibit A-D were attached to the Motion to Dismiss and are incorporated herein.  To avoid confusion, the Reply shall begin with Exhibit E.

signed on the first page, rather than the third page, is immaterial.   *See*, *e.g.*, *Frantz Tractor Co., Inc. v. Wyoming Valley Nursery*, 120 A.2d 303, 305 (Pa. 1956) (it is immaterial where parties to contract sign it) and *Master Palletizer Systems, Inc. v. T.S. Ragsdale Company*, 725 F.Supp. 1525, 1531 (D.Colo. 1989)("party need not sign every page of a contract for the whole of the document to be effective").

"[T]he determination whether an enforceable contract exists, when based on the contract documents, is a question of law . . . ." *Kramer Associates v. Ikam, Ltd.*, 888 A.2d 247, 251 (D.C. 2004) (*citing Rosenthal v. National Produce Co.*, 573 A.2d 365, 369 n.9 (D.C. 1990)).   It is undisputed that the Carrolls signed page one of four.  The fact that the Carrolls did not sign pages two through four, even though they contain a signature line, is not material to the existence and enforceability of the written agreement.  That agreement has clear and unambiguous language releasing all claims, which the Court should enforce.

     B.    <u>In the alternative, Motion for Summary Judgment.</u>

Alternatively, Fremont moves for summary judgment on the issue that the Forbearance Agreement bars the Carrolls' lawsuit. Fremont included within the memorandum in support of the Motion a statement of facts.  Consistent with the procedures for a Rule 12(b)(6) motion, those allegations must be construed as a undisputed.  Consistent with the local rules, Fremont further offers the following undisputed material facts:

    1)    On or about September 22, 2006 Robert Carroll and Monica Carroll filed a lawsuit against Fremont in the United States District Court for the District of Columbia, Case No. Case No. 1:06cv01641-HHK.  Motion at Exhibit A.

2)      At or about the time of the lawsuit, Robert Carroll and Monica Carroll were delinquent on their loan with Fremont in the amount of $14,796.44. Exhibit C, p. 1.

3)      Robert Carroll and Monica Carroll entered into a settlement with Fremont in connection with Case No. 1:06cv01641-HHK. Exhibit C.

4)      Robert Carroll and Monica Carroll's settlement permitted them a payment plan to bring their default current.  Exhibit C, p. 2; Exhibit E.

5)      In connection with the settlement, Robert Carroll and Monica Carroll agreed to pay $5,547.20 to Fremont by October 19, 2006. Exhibit C, p. 2.

6)      On October 18, 2006, Robert Carroll and Monica Carroll sent to Fremont by Federal Express payment of $5,547.20.  Exhibit F.

7)      In connection with the settlement, Robert Carroll and Monica Carroll agreed to make payments of $2,738.0 on November 15, 2006, December 15, 2006, and January 15, 2007.  Exhibit C and E.

8)      Robert Carroll and Monica Carroll made payments to Fremont of $2,738.10 in mid November 2006, December 2006, and January 2007. Exhibit G (redacted for clarity).

9)      In connection with the settlement, Fremont agreed to cease its effort to foreclose on the Carroll's home. Exhibit C, p. 2 (¶ 8).

10)     Robert Carroll and Monica Carroll signed page 1 of 4 of the October 19, 2006 Forbearance Agreement. Exhibit C.

11)     Fremont agreed that if the payments were made, it would consider a further payment agreement with the borrowers.  Exhibit C, p. 3 (¶ 10).

12)     Consistent with the Forbearance Agreement, Fremont offered the Carrolls a loan modification on March 27, 2007.  Exhibit H.

13)     Robert Carroll and Monica Carroll dismissed Case No. 1:06cv01641-HHK on January 19, 2007. Exhibit D.

Fremont incorporates the legal argument set forth in the Memorandum filed in support of the Motion to Dismiss and in the foregoing argument in support of the Motion to Enforce Settlement Agreement.

The existence of a settlement is apparent from Robert and Monica Carroll's course of conduct.  Course of conduct may be used to prove the existence of a contract. *See Grunseth v. Marrriott Corp.*, 872 F.Supp. 1069, 1073 (D.D.C. 1995).  Plaintiffs dispute the existence of pages two through four of the Forbearance Agreement, notwithstanding that such argument makes no sense in light of Page One's clear representation that additional terms follow on three subsequent pages.

Here, it is an undisputed material fact that Robert Carroll and Monica Carroll took steps in furtherance of the terms of the agreement.  They made the initial payment required under the payment plan.  They made the monthly payments required under the payment plan.  The dismissed the lawsuit against Fremont.  For its part, Fremont ceased foreclosure action against the Carrolls and, after receiving the payments required under the Forbearance Agreement, proposed a loan modification.  In sum, the parties' course of conduct is consistent with the clear and unambiguous terms of the agreement, including the release of claims.

Because there are no genuine issues of material fact, and Fremont is entitled to judgment as a matter of law because the claims were released, Fremont asks that the Court enter summary judgment against the plaintiffs and dismiss the Complaint.

II.    Even if the Court does not dismiss the Complaint due to the settlement, the Court must dismiss the substantive claims because they do not state claims for which relief may be granted.

Even if the Court does not dismiss the Complaint due to the settlement, the Court must dismiss the substantive claims because none state a claim for which relief may be granted.

A.    <u>The fraud based counts must be dismissed because they do not properly plead causes of action.</u>

Fremont moved to dismiss Counts One and Three because they do not state a claim and are not pled with the particularly required for fraud.

Plaintiffs contend that the fraud is pled specifically and "there can be no mistake about the allegations." Pl. Mem. at 9. They do not identify, however, where the Complaint alleges what representations Fremont made, when they were made, to whom they were made, or how Plaintiffs relied upon them,

As stated in the Motion to Dismiss, fraud must be pled with particularity as to each defendant. Plaintiffs' response that "Defendants means just that – all Defendants" does not satisfy Rule 9(b). To the contrary, Plaintiffs are required under the Federal Rules of Civil Procedure to plead specific allegations of fraud and misrepresentation against Fremont – not just the defendants generally. This requires Plaintiffs to plead "the time, place and content of the false misrepresentations, the facts misrepresented and what was retained or given up as a consequence of the fraud." *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 105 (D.D.C. 2006) (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir. 1994). Plaintiffs do not do so, and the fraud claims must be dismissed.

B.    <u>Count Two does not allege a valid claim against Fremont.</u>

Count Two improperly seeks to hold Fremont derivatively liable under D.C. Code § 28-3809.

Plaintiffs oppose the Motion to Dismiss by citing to *Johnson v. Long Beach Mort. Loan 2001-4*, 451 F.Supp.2d 16 (D.D.C. 2006), for the proposition that derivative claims are permitted against Fremont. Plaintiffs' reliance is simply unfounded. *Johnson* denied

derivative liability under 16 C.F.R. § 433.2(a).  The Court's only citation to the DCCPPA was to comment that the District's law had a more expansive meaning for the words "sale" and "goods and services."  *Johnson* by no means stands for the proposition that a claim for derivative liability may be brought under D.C. Code § 28-3809 for loans secured by real estate in contravention of the statute's plain language.

      C.      <u>Count Four's request for a permanent injunction is moot</u>.

Fremont sought to dismiss Count Four's request for an injunction against a June 10, 2008 foreclosure sale on mootness grounds because the date had passed.

Count Four is also moot against Fremont because it no longer holds the subject note and deed of trust.  Fremont sold its rights to Litton Loan Servicing on June 1, 2008. To the extent Plaintiffs believe an injunction is necessary, it must do so against the current holder.

      D.      <u>The tort claims must be dismissed because Fremont did not owe a legal duty beyond the contractual relationship</u>.

Fremont moved to dismiss Count Five because it did not identify any legal duty owed by Fremont to Plaintiffs.  As Fremont stated – and Plaintiffs did not dispute – a bank's relationship to its lending customer is typically a contractual relationship governed by the written agreement between the parties.  Plaintiffs did not identify any factual or legal basis to rebut that relationship.

Plaintiffs instead argue that the Complaint must stand because the nature of the brokerage agreement and the true relationship between these interests is not known."  Pl. Mem. at 10.  The U.S. Supreme Court made clear that a complaint's allegations must be more than a "speculative level," but needs sufficient "fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]."  *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Plaintiffs do not identify any factual allegations or other basis to believe that a legal duty would exist if the claim were allowed to proceed. To the contrary, it is quite apparent from the Complaint and the response to the Motion to Dismiss that the allegations are merely speculative and without any reasonable expectation of relevant discovery.

      E.     <u>The conspiracy counts must be dismissed because they do not state legal claims.</u>

Plaintiffs concede that conspiracy is not a cause of action in the District of Columbia.

Instead, Plaintiffs argue that they assert the claim "to impose joint and several liability on the co-conspirators." Pl. Mem. at 11. Count Six's conspiracy claims must be dismissed as well. Plaintiffs do not identify in the response any specific allegations of the Complaint to support a conspiracy claim.

      F.     <u>Plaintiffs do not state a valid negligent supervision claim.</u>

Counts IX and X allege negligent supervision (Count X adds the word "grossly") claims against Fremont. Fremont moved to dismiss both purported causes of action because they do not state a claim for negligent supervision against Fremont.

Plaintiffs respond to the motion by simply stating:

Plaintiffs' 'Wherefore clause seeks damages in Count IX for negligence [and Count X for gross negligence] . . . against Fremont, Premier Mortgage, Smith who is a principal of the mortgage company and Smith's enterprises for failure to supervise Okebugwu and Lock.

Pl. Mem. at 11. This response does not address any of the defects raised by Fremont.

Plaintiffs do not dispute Fremont's legal argument that they do not identify any legal duty owed by Fremont that could give rise to a tort claim of negligent supervision.

Plaintiffs do not identify a single factual allegation in the Complaint supporting the cause

of action.

Respectfully submitted,

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

<u>Certificate of Service</u>

I certify that a copy of the foregoing motion, the memorandum of law, and the
proposed order were served pursuant to the Court's ECF system this 20th day of August,
2008 to:

C. Michael Tarone, Esquire
Tarone & McLaughlin
900 17th Street, N.W., Suite 1250
Washington, DC  20006
Counsel for Plaintiffs

Joseph Bottiglieri, Esquire
Craig Sarner, Esquire
Bonner, Kiernan, Trebach & Crociata, LLP
1233 20th Street, NW, Suite 500
Washington, DC  20005
Counsel for Consumer First Title, LLC

and by first-class mail, postage pre-paid, this 20th day of August, 2008 to:

Premier Mortgage Solutions Services, Inc.
c/o CT Corporation Systems
1015 15th Street, NW
Washington, DC  20005

Jeffrey Smith
13101 Bar Geefe Court
Upper Marlboro, MD  20774

Frank Okebugwu
c/o Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD  20774

Smith-Myers Corporation
c/o CT Corporation Systems
1015 15th Street, NW
Washington, DC  20005

J.G. Enterprises LLC
9200 Basil Court, Suite 100
Upper Marlboro, MD  20774

Shannon Ingram
954 Dunnloring Court
Upper Marlboro, MD  20774

JMJ Appraisal Services, LLC
954 Dunnloring Court
Upper Marlboro, MD  20774

Sheila V. Locke
Smith-Myers Corporation
9200 Basil Court, Suite 100
Upper Marlboro, MD  20774

_/s/ Harold G. Belkowitz_
Harold G. Belkowitz

154052

10

Exhibit E

## Payment Plan Report

Loan Number: 7000166086

10/19/2006

Page 1 of 1

Plan Type: Delinquent/Loss Mitigation
Plan Amount: $23,010.74
Plan Amt Prev. Paid: $0.00
Contract. Due Date: 06/01/2006

Description: 5547.20 down and single pmts x 3 months, then rvw for mod
Start Date: 01/01/1900     No. of Payments: 5
Status: Pending     Frequency: Monthly (12)

| Category | Due | Paid | Category | Due | Paid |
|---|---|---|---|---|---|
| Total Due: | $23,010.74 | $0.00 | Expenses and Fees: | $0.00 | $0.00 |
| Accrued Late Charges: | $0.00 | $0.00 | Plan Totals: | $23,010.74 | $0.00 |
| | | | Interest on Arrears: | $0.00 | $0.00 |
| | | | Interest Rate: | 0.000 | |

| Payment Due Date | Payment Amount | Paid Date | Amount Paid |
|---|---|---|---|
| 10/19/2006 | $5,547.20 | | $0.00 |
| 11/15/2006 | $2,738.10 | | $0.00 |
| 12/15/2006 | $2,738.10 | | $0.00 |
| 01/15/2007 | $2,738.10 | | $0.00 |
| 02/15/2007 | $9,249.24 | | $0.00 |
| Totals: | $23,010.74 | | $0.00 |

Remaining Payments: 5          Amount Remaining: $23,010.74

X _____ Sign

X _____ Sign

# Exhibit F

LAW OFFICES

# KARL & TARONE

A PARTNERSHIP CONSISTING OF PROFESSIONAL CORPORATIONS

SUITE 1250

900 SEVENTEENTH STREET, N. W.

WASHINGTON, D.C. 20006

(202) 293-3200

FAX: (202) 429-1851

JOHN F. KARL, JR.°

C. MICHAEL TARONE▲

▲ ALSO ADMITTED IN NY
° ALSO ADMITTED IN FL

October 18, 2006

**By Federal Express**
By Fax: 714-431-1221

Attention: Eli Saucedo
Fremont Investment & Loan
3110 East Guasti, Ste. 500
Ontario, CA 91761

Re:   Customer or Loan No. 7000166086
Loan Amount: $288,230.00
Borrower: Monica Carroll (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)
Borrower: Robert Carroll (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)
Residence Location: 3328 17th Street, NW, Washington, DC 20010

Dear Eli,

This letter is being sent under Federal Express air bill No. 851088437411 (this is your tracking information). I have also enclosed tender in the form of checks, money orders and bank checks in the amount of **$5,547.20**, which is broken down as set out below:

| BANK | AMOUNT | NUMBER | BANK CODE | DATE ISSUED |
|---|---|---|---|---|
| Chevy Chase Bank (Cashier's check) | $ 2,000.00 | 5154324 | 65-7198/2550 | August 28, 20006 |
| Western Union (Money order) | $ 500.00 | 08-510890998 | 82-40/1021 | August 26, 20006 |
| First Baptist Benevolent Fund (Check) | $ 200.00 | 281 | 15-120/540 DC 8010 | August 7, 20006 |
| SunTrust Bank Check (Bank check) | $ 600.00 | 9367017728 | 87-275/642 | October 12, 2006 |
| Change, Inc. (Check) | $ 2,000.00 | 1558 | 15-3/540 525 | October 17, 2006 |

Elias Saucedo
Fremont Investment & Loan
October 18, 2006
Page 2

| | | | | | |
|---|---|---|---|---|---|
| Change, Inc.<br>(Check) | $ | 108.00 | 1684 | 15-3/540 525 | October 16, 2006 |
| Change, Inc.<br>Fund Raising Account<br>(Check) | $ | 106.30 | 1057 | 15-3/540 525 | October 16, 2006 |
| C. Michael Tarone, PC<br>(Check) | $ | 32.90 | 7695 | 15-122/540 | October 18, 2006 |
| **TOTAL** | $ | 5,547.20 | | | |

Half of the mount due on the mortgage for June through September is $5,547.20. The enclosed tender covers that 50%.

The delinquent amount, which is now owing, after payment of the $5,547.20 is the other half not paid, plus the amount due for October 2006. The total delinquent amount after the enclosed payment is $8,214.30.

I understand that the Carrolls must show their ability to afford the loan, and to do so, Fremont requires that the Carrolls pay the entire amount of the monthly mortgage (principal, interest taxes and insurance) of almost $2,800 per month for the next three months: November and December 2006, and January 2007.

After they have done so, a payment plan will be put into place. I understand that we will discuss this plan after the enclosed payment is received.

Thank you.

Very truly yours,

C. Michael Tarone

Enclosures

cc:    Annette Carroll (w/encl)
       Monica Carroll (w/encl)
       Robert Carroll (w/encl)

# Exhibit G

```
SR497AR-02  MBARLOW        Detail Transaction History          8/19/08  11:16:14
Loan# 7000166086 Inv# 505    Pool 0000001 InvLn#           UPB:            .00
Borr1 MONICA S. CARROLL        Status   P  Int.Rate  9.500  EscBal         .00
Borr2 ROBERT CARROLL           Type 03 - 00 SrvFees  .05000 EscAdv         .00
Prop: 3328 17TH ST  NW,           CONVENTION YldDif   .00000 TotPmt   2,738.60
      WASHINGTON  DC 20010   #PmtDlq      0  NextDue  5/01/07 TotDel        .00
Int Pd To  4/01/07   P&I Short   1.50  Corp Adv         .00  MSG: 22 88 31
TRN#  CODE   POSTED  EFFECTVE     DESCRIPTION         NEXT DUE   TOTAL AMT
  77  13 25  1/19/07  1/19/07  PMT-MISC SUSP          10/01/06    2,738.10


  73  13 25  12/18/06 12/18/06 PMT-MISC SUSP           9/01/06    2,738.10
                                       CBS

  69  13 25  11/20/06 11/20/06 PMT-MISC SUSP           8/01/06    2,738.10
```

F2=Switch view    F3=Exit    F12=Return    Pg Down    Pg Up

Exhibit H

 **FREMONT INVESTMENT&LOAN**

Loss Mitigation Department
3110 E. Guasti Rd
Ontario, CA 91761
Tel. No. (866) 484-0291

March 27, 2007

MONICA CARROLL
3328 17TH STREET NORTHWEST
WASHINGTON, DC 20010



RE: Loan:    7000166086
Property: 3328 17TH STREET NORTHWEST, WASHINGTON, DC 20010

Dear MONICA CARROLL:

Congratulations! You have been approved for a Loan Modification. This modification changes the interest rate for the remaining term of the loan, effective MAY 01, 2007 to 7.50% and the principal and interest amount of your payment to $ 2,102.43, effective MAY 01, 2007. This payment amount does not include escrow collection if your account is impounded for either taxes or insurance.

Enclosed please find two original copies of the Loan Modification Document, one for your records. **Please review the Loan Modification Agreement, sign and fax to 714-433-8924.** Please sign your name exactly as it is printed under the signature line. All parties listed under the agreement **must** sign.

In addition to the documents, please include your initial contribution in the amount of $ 0.00. All funds should be made by Western Union Quick Collect to the following:

Code City:  Investors
Code State: CA
Attention: Loan Number

Or by certified funds payable to Fremont Investment & Loan and mailed to:

Fremont Investment & Loan
**Attn: LOSS MITIGATION**
3110 Guasti Road, Ste. 500
Ontario, CA. 91761

**Please be advised that we must receive both the signed agreement and the initial contribution no later than 04-10-2007, failure to comply may result in Fremont Investment & Loan's rescission of this loss mitigation option.**

We appreciate your attention to this matter. Please call me at 1-866-484-0291, extension 5733, or direct at 909-418-3300 extension 5733 if you have any questions.

Sincerely,

Lorena Valencia
Loss Mitigation Specialist

*Fremont Investment and Loan is a debt collector and is attempting to collect a debt, any information obtained will be used for that purpose.*

Letter: LML6091.doc                    1 of 1